## REYNOLDS v. REYNOLDS.

### March, 1867.

Continuance of cohabitation, though it is conclusive evidence of condonation in case of adultery, and bars an action for an absolute divorce on that ground, is not conclusive in the case of an action for limited divorce on the ground of cruelty, &c.

Mabel Reynolds brought this action, in the supreme court, against Schuyler Reynolds, her husband, for a separation from bed and board forever, on the ground of cruel and inhuman treatment. Defendant's answer denied the cruel and inhuman treatment alleged in the complaint; and set up that after the alleged committal of the several acts complained of, the plaintiff had, from October, 1857, to April, 1858, continued voluntarily to cohabit with him.

The referee found that the defendant had been guilty of cruel and inhuman treatment of the plaintiff, and of such conduct toward her as to render it unsafe and improper for her to cohabit with him, and that said treatment and conduct had not been condoned or forgiven by the plaintiff, and that the plaintiff was entitled to judgment decreeing that the plaintiff and defendant be separated from bed and board forever.

*The supreme court*, at general term, in an opinion by DAVIS, J., held that cohabitation was not conclusive evidence of condonation of cruelty. As to the facts in this case, the opinion of the learned judge was as follows:

The defendant, on the issue of condonation in this case, held the affirmative. It was for him to establish satisfactorily to the referee that his cruelty and personal violence to plaintiff had been forgiven by plaintiff. The evidence he gave on that subject was that plaintiff continued to live and cohabit with him, after his last act of personal violence on October 5, 1857,

Reynolds *v.* Reynolds.

to April 23, 1858, and that she left on the last named day without any further acts of violence having occurred. If the case stood upon this evidence, I should be of the opinion that the referee ought to have found a condonation. But, "if condonation may be inferred from cohabitation, it may be rebutted by the accompanying circumstances" (per PARKER, J., 4 *Barb.* 221) ; and in this case those circumstances were quite sufficient, in my opinion, to effect that result. The case shows that, for twenty years, the defendant had, at various times, been guilty of brutal violence towards the plaintiff, of which she might well expect future repetitions; that at the time of his last acts of violence she declared her intention to submit to it no longer; that she had no relatives or friends, within a reasonable distance, to whom she could resort for shelter and protection; that she was destitute of money, and, of course, without means to defray the expenses of a journey to them; that she had no suitable clothing for traveling, and scarcely sufficient for ordinary decency; that she did endeavor, shortly after October 5, to procure a place where she could support herself by her labor; that during this period her husband, though a wealthy man, refused to furnish her money to buy necessary wearing apparel, compelling her to wear shoes made and patched by herself, for the want of means to procure others; and that as soon as her brother residing at Brooklyn was in a condition to receive her, she went to him, and has remained ever since, living apart from the defendant; and these are circumstances which the referee had a right to consider as rebutting the effect of the fact of her living and cohabiting with defendant after his last outrage upon her person.

I think it is quite impossible for us to say that the referee had no right, upon the evidence, to come to the conclusion that he did, or that his conclusion was against its clear weight.

It has been held in some of the States, that subsequent cohabitation is not evidence of condonation of previous cruelty (Perkins *v.* Perkins, 6 *Mass.* 89 ; Hollister *v.* Hollister, 6 *Barr,* 447) ; but I am inclined to think that it is evidence tending to establish that fact, and which, wholly unexplained, may be sufficient for the purpose.

*George W. Bowen*, attorney for plaintiff, respondent;—Cited Smith *v.* Smith, 4 *Paige*, 432; 2 *R. S.* 145, § 42, subd. 2; Whispell *v.* Whispell, 4 *Barb.* 221; Perkins *v.* Perkins, 6 *Mass.* 69; Hollester *v.* Hollester, 6 *Barr*, 447; Johnson *v.* Johnson, 14 *Wend.* 643–4;[*] Burr *v.* Burr, 10 *Paige*, 20;[†] Forrest *v.* Forrest, 25 *N. Y.* 501.

*Ely & Farnell*, attorneys for defendant, appellant.

BY THE COURT.—J. M. PARKER, J. [After stating the facts.] —The findings of the referee are fully warranted by the evidence, of specific acts of cruelty and inhuman treatment, and of the circumstances under which the plaintiff continued to cohabit with the defendant after the last act of cruelty proved. Such continuance is not, in this case, as it would have been in an action for divorce on the ground of adultery, conclusive of the fact of condonation. In that case the statute makes it so, but not in this. 2 *R. S.* 145, § 42; Johnson *v.* Johnson, 4 *Paige*, 460; Same *v.* Same, 14 *Wend.* 637; Whispell *v.* Whispell, 4 *Barb.* 217; 2 *R. S.* 147. As the case stands here, therefore, the conclusion of the referee that the plaintiff is entitled to judgment is unimpeachable.

[Remarks as to abandoned exceptions are omitted here.]

The judgment appealed from is right and should be affirmed with costs, and an award of ten per cent. upon the amount of the judgment as damages for the delay produced by the appeal.

All the judges concurred.

Judgment affirmed, with costs, and ten per cent. damages.