## LUTZ *v.* LUTZ.

*(Supreme Court, General Term, First Department. May 9, 1890.)*

DIVORCE—CRUEL AND INHUMAN TREATMENT.

    A decree granting a wife a limited divorce on the ground of cruel and inhuman treatment will not be disturbed by the general term when the evidence establishes, with a reasonable degree of certainty, that plaintiff had been abused and provoked by defendant beyond endurance.

Appeal from judgment on report of referee.

Action for a divorce by Kate P. Lutz against Alexander Lutz. Defendant appeals from a judgment granting a limited divorce, with alimony, on the grounds of cruel and inhuman treatment. For order denying motion to dismiss, see 8 N. Y. Supp. 932, *mem.*

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*A. B. Clarke* and *Albert Stickney,* for appellant. *Ernest Hall,* for respondent.

VAN BRUNT, P. J. The questions presented upon this appeal are questions of fact, which depend upon the credibility to be given to the witnesses who have testified upon the trial. The judgment of the referee in respect to the credibility of witnesses who have been examined personally before him should not be lightly disturbed, in view of the fact that he has the advantage of the personal attendance of the witnesses, and has been enabled to judge, by their demeanor and manner of testifying, much in respect to their credibility. I have read the testimony appearing upon the record; and, although I have

come to the conclusion that both the parties have knowingly testified falsely to many circumstances attending the various scenes therein described, yet, upon the whole, the conclusion forced upon the mind is that the plaintiff was entitled to the relief which was afforded her. It is undoubtedly true that the plaintiff is a woman of strong temper and passions, and that she has not always conducted herself as a true and devoted wife,—never giving the defendant any cause or provocation whatever for his angry outbursts; yet the record shows that, in almost every instance where the plaintiff has been guilty of conduct deserving of condemnation, it was the result of the aggravation and provocation of the defendant.

It is impossible, without making this opinion of much greater length than should be done, to review in detail the evidence taken upon the trial, and it is only the impressions which that evidence leaves upon the mind that it is necessary to advert to in coming to a conclusion as to whether or not this judgment should be affirmed; and I think that the course of the defendant in the charges which he made of unchaste conduct, in the presence of their children, in the manner in which it was done, was such as almost of itself to justify the separation which had been decreed. It showed such an utter disregard of all the ordinary feelings and sentiments which should govern the conduct of a husband towards a wife that it was cruel and inhuman treatment in itself, which made it improper for her to live with a man who had proclaimed her a whore to her children,—pointing her out to be such,—with no evidence whatever to sustain any such charge. Cruel and inhuman treatment does not necessarily imply such treatment as places a wife in physical fear of the husband. The conduct of the husband may produce such mental agony in the wife as to be even more cruel and inhuman than if mere physical pain had been inflicted; and, where the conduct of the husband towards the wife is of this character, it is certainly cruel and inhuman, and justifies the court in freeing her from the necessity of submission to such treatment. We think that the case at bar establishes with a reasonable degree of certainty the fact that the plaintiff had received such treatment from the hands of the defendant that she had been provoked beyond endurance, and that the violent outbursts which she indulged in were the natural consequence, in view of her own violent temper, of the conduct of the defendant towards her. Upon the whole case, therefore, we do not see that the referee erred in the credit which he gave to the witnesses, or in the judgment which he awarded, founded thereon. The judgment should be affirmed, with costs.

BRADY, J., concurs.

DANIELS, J. Without placing very great stress upon the inexcusable language used and directed by the defendant to his wife, his acts proven by the evidence are sufficient to support the judgment. His conduct was not only abusive, but cruel, rendering life with him unendurable. And the judgment should be affirmed.