THOMAS M. PETERS, Respondent, v. GEORGE W. CARLETON, Impleaded, etc., Appellant.

(Argued December 15, 1890; decided January 22, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 18, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*James A. Deering* for appellant.

*John A. Beall* for respondent.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed.

---

JULIA A. PERCIVAL, Appellant and Respondent, v. EDWARD S. PERCIVAL, Appellant and Respondent.

Where an action by a wife for a judicial separation from her husband on the ground of abandonment is determined in her favor, the court has power as part of the final judgment, to make an allowance for the repayment of sums expended by plaintiff in her support and maintenance since the commencement of the action.

The General Term has power to review the judgment in this respect, and to strike out the allowance as improvidently made.

*It seems*, a General Term order striking out the allowance on the ground that the court below had no power to grant it, is error.

It must appear, however, from the order that the action of the General Term in striking out the allowance was based on the ground of want of power in the court below to authorize this court to review it; the opinion may not be resorted to to determine the grounds of the decision.

*Beadleston* v. *Beadleston* (103 N. Y. 402), distinguished.

(Argued December 15, 1890; decided January 22, 1891.)

CROSS-APPEALS from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 27, 1888, which modified, and affirmed as modified, a judgment entered upon a decision of the court

on trial at Special Term and also affirmed certain orders of the Special Term.

This was an action by a wife for a judicial separation from her husband on the ground of abandonment. The Special Term decided in her favor, and as part of the final judgment, awarded her $300, for repayment of the sums expended by her for her support and maintenance since the commencement of the action. The General Term modified the judgment by striking out this allowance. Its order does not state the grounds for this modification.

The following is the opinion in full:

"The case of *Beadleston* v. *Beadleston* (103 N. Y. 402), upon which the General Term seems to have relied in deducting $300 from the judgment of the Special Term, has no application to this appeal, because the subject there under review was an order made *pendente lite*, but after the referee had made his report which convicted the wife of adultery, although no judgment had been entered.

"This court held that the power of the Special Term, under those circumstances, was confined to such allowances as were necessary to enable the wife to ' carry on or defend the action,' and that there could be no necessity for an allowance to make a defense that had already been made. In this case the Special Term, as part of its final judgment of separation from bed and board in favor of the wife, awarded her $300 ' for repayment of the sums expended by her in her support and maintenance since the commencement of' the action. It was the duty of the defendant to support his wife, and as he failed to discharge that duty after suit was instituted against him, she was compelled to procure and expend money for that purpose. Upon the termination of the action, the court, in rendering judgment for the plaintiff, had the power to give 'such directions as the nature and circumstances of the case' required. The General Term had power to review the discretion exercised by the Special Term, and to strike out the $300 as improvidently allowed under all the circumstances, but it had no right to do so upon the ground that the lower court had no power to allow it. (*Tilton* v. *Beecher*, 59 N. Y. 176.) In the case cited the order stated that it was made ' on the

ground that the court had no power to grant the same,' and, as we understand the rule, unless it appears in the record, of which the opinion forms no part, that the action of the court was based upon a want of power, we cannot review it. (*Titus* v. *Orvis*, 16 N. Y. 617, 618; *Tolman* v. *S., B. & N. Y. R. R. Co.*, 92 id. 353, 356.)

"It is a fundamental rule governing the review by one tribunal of the proceedings of another that orders or decisions resting in discretion are not reviewable. (*Wavel* v. *Wiles*, 24 N. Y. 635, 636.)

"The order of the General Term may have been made, so far as the record discloses, in the exercise of a conceded discretion, and if not, it was the duty of the appellant to procure it to be so settled as to show that it was not.

"We think that the judgment and all of the orders should be affirmed, without costs in this court to either party."

*Wilder, Wilder & Lynch* for appellant.

*Raphael J. Moses, Jr.*, for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment and orders affirmed.

---

JOHN R. HINZ, as Administrator, etc., Appellant, *v.* JOHN H. STARIN, Respondent.

(Argued January 26, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of June, 1890, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Circuit.

*Martin J. Keogh* for appellant.

*William W. Goodrich* for respondent.

Agree to affirm ; no opinion.
All concur, except BRADLEY, VANN and BROWN, JJ., dissenting.
Judgment affirmed.