SALIE STRAUS, RESPONDENT, *v.* DAVID STRAUS, APPELLANT.

*Divorce and separation — false charges of unchastity — cruel treatment — allowance to wife for expenses of action.*

False and repeated accusations of unchastity addressed, without reasonable cause, by a husband to his wife, constitute cruel and inhuman treatment sufficient to justify a judgment of separation.

Acts of cruelty committed by a husband towards his wife, after condonation of prior acts, revive the condoned offenses.

An allowance to the wife for counsel fee or expenses of the action, cannot be awarded in a final judgment of divorce or separation. (Code of Civil Pro., §§ 1766, 1769.)

Section 1769 of the Code of Civil Procedure does not empower the court to award, by either final judgment or order before judgment, an allowance to the wife for past expenses in an action for divorce or separation.

APPEAL by the defendant, David Straus, from a judgment and decree of the Supreme Court, entered in the office of the clerk of Montgomery county on the 28th day of September, 1892, upon a decision, rendered at the Clinton County Special Term, confirming the report of a referee in favor of the plaintiff, Salie Straus, in an action for limited divorce and separation from bed and board.

*Edward J. Maxwell*, for the appellant.

*Z. S. Westbrook*, for the respondent.

PUTNAM, J.:

I am unable to see how we could properly disturb the findings of the learned referee upon the questions of fact submitted to him. It was a case of conflicting evidence, and we feel concluded by his

decision. There was sufficient testimony given to sustain his conclusions upon the facts, and such being the case the plaintiff was entitled to a judgment of separation.

The testimony shows, and the referee found, that defendant, without reasonable cause, falsely and repeatedly accused plaintiff with being an unchaste woman; with having had unlawful intercourse with one Solomon Levi and with other men. I think such an accusation constituted cruel and inhuman treatment of plaintiff by defendant sufficient to justify a judgment of separation, if no other ground of complaint existed. Such a charge, if false, and made without sufficient cause, as found in this case, is more cruel than blows or any mere physical violence. The duty devolves upon a husband to protect his wife — not only her person, but also her reputation; and when, instead of fulfilling that duty, he cruelly traduces her character, the court can properly protect her by a judgment of separation.

The testimony in this case shows that defendant not only cruelly and repeatedly aspersed the character of his wife, but also assaulted and otherwise ill-treated and abused her.

If there was any condonation by plaintiff, subsequent acts of cruelty committed by defendant revived the condoned offenses.

Hence the judgment, as far as it provides for a separation of plaintiff from defendant, must be affirmed.

The defendant objects to the allowance of $500 awarded to plaintiff in the judgment "for a further reasonable and necessary counsel fee and allowance in this action for the costs, expenses, services and disbursements of her attorneys and counsel herein, expenses incurred and to be incurred to entry of the judgment."

This objection raises two questions. Can any extra allowance or allowance for expenses of counsel be properly awarded in the final judgment in an action for divorce and separation? And if so, can such an allowance be made for past expenses?

The only authority for the allowance of alimony, expenses of the action or costs contained in the Code is found in sections 1766 and 1769. The former section is silent on the subject of costs and expenses, but provides for an allowance for support and maintenance of the wife in the final judgment. Section 1769 provides for the payment of alimony and the expenses of the action during its

pendency and for a judgment in favor of the successful party, with costs, evidently referring to the ordinary costs of an action. This section, which is the only authority for an order directing the payment of the expenses of the wife for counsel in the action, evidently means that such direction shall be given in an order and not in the final judgment.

This construction of section 1769 has been given in several cases. Thus in *Percival* v. *Percival* (14 N. Y. St. Rep., 255–256) it is held " that expenses *pendente lite*, if they are to be awarded at all in an action for divorce, must be awarded upon special application and cannot properly form a part of the final judgment." To the same effect is *Williams* v. *Williams* (25 N. Y. St. Rep., 186); and see, *Stampfer* v. *Stampfer* (33 id., 807).

I think, therefore, that no allowance can, in the final judgment, be properly made to the wife for expenses of the action. The case of *McBride* v. *McBride* (119 N. Y., 519), to which the respondent refers, merely holds that an action may be deemed pending for the purpose of allowing expenses to the wife, both before and after judgment, if an appeal is taken, evidently contemplating an allowance by order and not as a part of the final judgment. The case of *Percival* v. *Percival* (124 N. Y., 637), to which the court below referred, merely determined that in the judgment, past expenses of the wife *for support and maintenance* can be provided for; but such an allowance is authorized by section 1766 of the Civil Code, which does not provide for the costs or expenses of the action.

If, however, a provision could be properly made in the judgment for expenses of the wife in an action, such an allowance, I think, could not, under section 1769 (*supra*), be made for *past* expenses, those already incurred by the wife, as it appears was done in this case. (*Beadleston* v. *Beadleston*, 103 N. Y., 402.)

The opinion at Special Term suggests that, although the court, on a motion before judgment, has no power to order the husband to pay past expenses of counsel in the action, as determined in *Beadleston* v. *Beadleston* (*supra*), yet the same court has such power in the final judgment. I am unable to see how section 1769 of the Civil Code can be properly so construed, or that it can be deemed to give a court power in rendering final judgment to allow for past expenses, which it could not provide for in an order before judg-

ment. The court possesses no more power when rendering judgment than when making an order before judgment.

As I have suggested, in *Percival* v. *Percival*, to which the court below referred, the allowance *for support and maintenance* was made under the provisions of section 1766 (*supra*), which section is silent on the subject of *costs and expenses of the action.*

The allowance to plaintiff, therefore, in the judgment for the expenses of counsel incurred and to be incurred was unauthorized. The motion for the allowance was made at the same time as the motion for judgment, and when the proceedings in the action were substantially ended, and it is not claimed that the $500 counsel fee, as far as it provided for the payment of past expenses, was necessary in order to enable plaintiff to further carry on the action. The action being determined when the judgment or order making the allowance was entered, such could not be the case. Nor can the allowance be sustained under *McBride* v. *McBride* (*supra*), because it provides for the payment of the expenses of counsel up *to the entry* of judgment, and not expenses upon an appeal.

The allowance in question is, doubtless, a reasonable and fair provision, and I have examined the case with the desire to sustain it.

But, in my judgment, it is unauthorized, and, therefore, the judgment should be modified by striking said allowance therefrom, and, as modified, affirmed, without costs of appeal to either party.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment modified, and, as modified, affirmed, without costs to either party on this appeal.