Mary E. Thrall, Respondent, *v.* Edwin A. Thrall, Appellant.

*Parties may make laws for themselves — alimony pendente lite, made only for future support.*

It is a well-settled rule that parties may make laws for themselves which courts are bound to administer, if no question of public policy is concerned.

Alimony *pendente lite* can, as a rule, be made only for future support, and should commence only at the time of notice of an application for its payment.

Appeal by the defendant, Edwin A. Thrall, from so much of an order of the Supreme Court, made at the Kings County Special Term on the 31st day of July, 1894, and entered in the office of the clerk of the county of Kings, as provides that the plaintiff be allowed fifty dollars per week for her support and maintenance *pendente lite* from the 12th day of May, 1894, and directing that the arrears of alimony payable under such order be paid within ten days after the service of a certified copy thereof, and be thereafter paid on Saturday of each week during the continuance of such order.

*Alfred Taylor,* for the appellant.

*Alexander Cameron,* for the respondent.

Cullen, J. :

This is an appeal from an order made by the Special Term in an action for separation granting the plaintiff fifty dollars a week alimony *pendente lite.*

The defendant insists that the application should have been denied on the ground that the plaintiff has not a meritorious cause of action, and that, if granted, the amount allowed is excessive, in view of the financial condition of the defendant. The action was instituted in 1891. Thereafter the parties executed a deed of separation by which the defendant covenanted to pay the plaintiff fifty dollars a week for her support. As long as such payments were made the proceedings in this action were to be stayed, and upon default in such payments it was stipulated that an order might be made by the court granting plaintiff alimony at the same rate. The defendant made default on May 19, 1894, and notice of application

for alimony was given on July fifth. It is a well-settled rule that parties may make law for themselves which the courts are bound to administer if no question of public policy is concerned. (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Sentenis* v. *Ladew*, 140 id. 463.)

The provisions of the deed of separation are a complete answer to defendant's objections both to the alimony and its amount. We do not say that the defendant would be allowed to stipulate himself into prison by agreeing to a sum beyond his power to pay. But there is no danger of that character here, as the defendant on his own statement is worth at least $30,000, and the action can be brought on for trial at any time.

We are of opinion, however, that the allowance of alimony was ordered to be made from too early a time. It seems settled by authority that alimony *pendente lite* can as a rule be made only for future support, and should commence only at the time of notice of an application for its payment. (*Collins* v. *Collins*, 10 Hun, 275; *Beadleston* v. *Beadleston*, 103 N. Y. 402; *McCarthy* v. *McCarthy*, 137 id. 500.)

There is no provision in the deed of separation increasing the power of the court in this respect. For the unpaid weekly allowance prior to the motion for alimony the plaintiff must recover by her trustee in a suit upon the covenants of the deed or await final judgment when the court may make such allowance for this period as may be just. (*Percival* v. *Percival*, 124 N. Y. 637.)

The order appealed from should be modified so as to direct the payment of the alimony to commence on July fifth, and as modified should be affirmed, without costs of appeal.

BROWN, P. J., and DYKMAN, J., concurred.

Order modified so as to direct payment of alimony to commence on July fifth, and as so modified affirmed, without costs.