(21 Misc. Rep. 378.)

### FITZPATRICK v. FITZPATRICK.

(Supreme Court, Special Term, New York County.   October, 1897.)

1 HUSBAND AND WIFE—SEPARATION—GROUNDS.
   Under the statute providing "cruel and inhuman treatment" as a ground for separation between husband and wife, proof of continued verbal outrages is sufficient.     ·

2. SAME—GROUNDS OF COUNTERCLAIM.
   In an action for legal separation between husband and wife, abandonment is not a ground of counterclaim where it was caused by defendant's own misconduct.

Action by Catherine Fitzpatrick against Charles J. Fitzpatrick for separation on the ground of cruelty. · Defendant interposed a counterclaim on the ground of abandonment.   Judgment for plaintiff.

Thomas C. O'Sullivan, for plaintiff.

Henry Schmitt, for defendant.

PRYOR, J.   A judgment of separation does not affect the integrity of the marriage relation, but merely discharges the complaining spouse from the duty of cohabitation.    It is not the law of New York that to such judgment in favor of a wife actual or apprehended physical injury is an indispensable condition.    By the terms of the statute, "cruel and inhuman treatment" justifies a sentence of separation; and that inhumanity may be evinced and cruelty inflicted by verbal outrage as well as by bodily abuse is a fact of human experience and of judicial recognition.    Lutz v. Lutz, 9 N. Y. Supp. 858; Straus v. Straus, 67 Hun. 491, 492, 22 N. Y. Supp. 567; Atherton v. Atherton, 82 Hun, 179, 31 N. Y. Supp. 977.    Whatever the rule elsewhere and at other times, in this jurisdiction, at the present day, meek submission and patient resignation are not a wife's sole resource under a brutality that shrinks only from physical violence; but against such misconduct of a husband the courts will afford her commensurate redress.   Upon proof, therefore, of such angry, contumelious, and degrading reproaches by a husband, applied maliciously and without provocation, as makes his presence an intolerable grievance, destructive of the happiness that is the end of the matrimonial association, a wife is entitled, without sacrifice of her right to support, to be relieved of the humiliating and tormenting companionship.   Upon this principle, judgment is awarded to the

plaintiff. By a preponderance of credible testimony it is established that, repeatedly and in wrath, the defendant addressed profane and opprobrious language to the plaintiff, denouncing her as a "cur," a "worm," and a "devil," whom he consigned to "hell," and that, under circumstances of peculiar atrocity, he maliciously and unjustifiably impugned her conjugal fidelity. On the trial, indeed, he denied that he ever accused her of unchastity, and professed confidence in her virtue, but with cynical insincerity, in face of an answer plainly imputing to her habitual wantonness and systematic immorality. Holmes v. Jones, 121 N. Y. 461, 466, 24 N. E. 701; Cornwall v. Cornwall, 30 Hun, 573, 574. Were the instances of misbehavior casual and exceptional, they might claim some indulgence on the score of infirmity of temper; but, being persistent and characteristic, they stamp the conduct of the defendant towards the plaintiff with a uniform tenor of deliberate cruelty and inhumanity, and appear, as by implication he confesses, to have been directed to the end of driving her to a separation. Indeed, his vindictiveness did not cease with her departure; but after her escape he subjected her to the infamy of a public advertisement, as a recreant to marital duty, to whom no tradesman might safely supply the necessaries of life. All these indignities the defendant inflicted upon a woman whom he knew to be of delicate health,—upon a wife who requited his cruelties with angelic gentleness, and to whose spotless purity he is constrained to bear reluctant testimony. Were bodily harm, as the effect of defendant's maltreatment, requisite to the plaintiff's case, it is abundantly apparent in the evidence. The defense of condonation, were it pleaded, is manifestly not substantiated by proof. Reynolds v. Reynolds, 4 Abb. Dec. 35. Nor, since the abandonment ot which the defendant complains was caused by his own misconduct, is it a valid ground of counterclaim. Waltermire v. Waltermire, 110 N. Y. 183, 187, 17 N. E. 739.

Judgment for plaintiff.