(92 App. Div. 442.)

## SMITH v. SMITH.

(Supreme Court, Appellate Division, First Department. March 18, 1904.)

1. SEPARATION—CRUEL AND INHUMAN TREATMENT.

Repeated charges by a husband, in the presence of his infant child and others, that his wife is unfaithful to him, are a sufficient cause for granting a decree of separation, under Code Civ. Proc. § 1762, naming cruel and inhuman treatment as a ground for separation.

2. SAME—ALIMONY—CONDITION.

Where a wife's only ground for a decree of separation was cruel and inhuman treatment, consisting of her husband's charges that she was unfaithful, an order giving alimony pendente lite, on condition that she quit his residence, was improperly granted.

3. SAME—COUNSEL'S FEES.

Where a complaint showed, as a ground for separation, a husband's repeated charges that his wife was unfaithful, an order granting counsel's fees to the plaintiff was proper.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action for separation by Florence Thayer Smith against Arthur L. J. Smith. From an order granting alimony and counsel fees to plaintiff, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Lewis L. Delafield, for appellant.
A. H. Hummel, for respondent.

PATTERSON, J. This is an appeal from an order granting alimony and counsel fees to the plaintiff in "an action for a separation." The allegations of the complaint, and the statements contained in the plaintiff's affidavit upon which the motion was founded, indicate that she seeks a decree of separation upon the first and second grounds upon which such an action may be maintained, under the provisions of section 1762 of the Code of Civil Procedure, namely, cruel and inhuman treatment, and such conduct on the part of her husband towards her as may render it unsafe and improper for her to cohabit with him.

It is well understood that in an action of this character the plaintiff must disclose merits, and it is sufficient to say concerning the second ground upon which the action is apparently based that the proof is overwhelming that there is no prospect of the plaintiff's

¶ 1. See Divorce, vol. 17, Cent. Dig. § 69.

success on that ground. With respect to the ground of cruel and inhuman treatment, no act of violence is alleged or complained of. The only thing asserted against the defendant is that he has charged his wife at various times, and in the hearing of their infant child and of various other persons, with being unfaithful to him, which he qualifiedly admits by stating that such remarks were not made in the sense that she committed adultery, but that her conversation and consortation with other men was such as to compromise both herself and himself.

It has been held that the conduct of a husband impugning the chastity of his wife, especially in the presence of their children, shows "such an utter disregard of all the ordinary feelings and sentiments which should govern the conduct of a husband towards his wife that it was cruel and inhuman treatment in itself, which made it improper for her to live with a man who had proclaimed her" to be a wanton, "with no evidence whatever to sustain such charges." Lutz v. Lutz (Sup.) 9 N. Y. Supp. 859. And in Straus v. Straus, 67 Hun, 492, 22 N. Y. Supp. 567, it is said that where a husband cruelly traduces the character of his wife the court can properly protect her by a judgment of separation. So it may be that this action can be maintained on the first ground upon which the separation is sought, but that does not necessarily entitle the plaintiff to the order for alimony and counsel fees which was made in this case. It is provided in that order that not only counsel fees shall be paid to the plaintiff's attorneys, but the provision for alimony is made conditional upon the plaintiff's election to quit the residence of her husband; and thus the court has left it to her discretion to say whether she will continue to live with her husband during the pendency of the suit or not, and has given her a right of selection, or, in other words, to determine her own case in that regard; to stay with him if she chooses, or to leave him if she prefers to do so. It is apparent that she is now living with him or at his house, being provided for and supported by him; and according to his affidavit, which is not contradicted, within the limit of his means the provision he makes for her is liberal, and he appears to be a man of ample means. It is not shown that occasion exists for her living elsewhere than in his house, or for having any other provision made for her support than such as is already made. That much of the order, therefore, must be reversed; but, as a separation may be adjudged (doubtful as that appears to be on these papers), I think the order for counsel fee may be upheld.

Therefore the order appealed from should be modified by allowing counsel fees, and striking out so much of it as provides for the payment of alimony pendente lite to the plaintiff. No costs to either party of this appeal.

O'BRIEN and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. I dissent. Upon the facts set out in this record, I do not think the court should have allowed counsel fee.

VAN BRUNT, P. J., concurs.