### BLAIR v. BLAIR.

(Supreme Court, Appellate Division, Second Department. February 6, 1914.)

1. DIVORCE (§ 27*)—GROUNDS.

A husband who maintains the family has the right to say who shall reside with them in the house, and may refuse to have boarders whose requirements interfere with the family comfort and whose presence excites comment on the part of the neighbors, even though the family home is the joint property of the husband and wife, and the husband's enforcement of his desire does not entitle the wife to a separation.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 62–83; Dec. Dig. § 27.*]

2. DIVORCE (§ 27*)—GROUNDS—CRUEL AND INHUMAN CONDUCT.

The throwing down of dishes by a husband does not rise to the dignity of cruel and inhuman conduct justifying the wife in deserting him and seeking a separation.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 62–83; Dec. Dig. § 27.*]

Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by Caroline J. Blair against Charles O. Blair. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

See, also, 145 N. Y. Supp. 397.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

Eli J. Blair, of New York City, for appellant.
Edward Snyder, of New York City, for respondent.

PER CURIAM. [1] The unfortunate family differences do not arise from any immorality, or any failure by the husband in his duty of support. They had lived happily together for over 15 years. His earnings went into a double apartment house, the title to which stands in the names of both. To eke out the income, the wife took a boarder, and let out a furnished room. The husband's employment as a ferryboat engineer, where he was on duty often at night, required him to go and come at unusual hours. Thus the wife had a double burden of preparing the meals for the boarder, and sometimes again for the husband as he should come in later. Defendant therefore wished

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to give up taking boarders and have the privacy that they had before enjoyed. The wife's contrary view led to domestic dissensions. But the husband who maintains the family has a right to say who shall reside with them in the home, and may refuse to have boarders whose requirements interfere with the family comfort and whose presence excites comment on the part of the neighbors. Even if they jointly own the home, the husband still has the right and duty to regulate the household so far as to say what persons, outside of the family, are to share the home.

[2] Throwing down a teacup, and other like acts, do not rise to the dignity of cruel and inhuman conduct (14 Cyc. 600, 601), and did not justify plaintiff in deserting defendant, taking with her the children and the household furniture. Defendant's proposed findings of fact numbered "Second" and "Third" should therefore be granted, and the finding of fact numbered "Fifth" in the decision is accordingly reversed as not within the allegations of the complaint and as unsupported in the testimony. The discretion of the court, however, should not be exercised to grant the husband a separation, as his answer prayed; but the complaint should be dismissed, so as to leave the parties to become again reconciled after this temporary estrangement.

Judgment of separation and alimony reversed, and complaint dismissed.

THOMAS, J., dissents.