### KAMMAN v. KAMMAN.

(Supreme Court, Equity Term, Erie County. December, 1914.)

1. DIVORCE (§ 55*)—SEPARATION—GROUNDS—DISMISSAL.

Where, in a suit by a wife for separation for alleged cruel and inhuman treatment, her charges of infidelity against her husband were not sustained, and his charges of infidelity, though not proved, were not shown to have been made in bad faith, both having been guilty of misconduct, but there being nothing to show that they could not longer live together in safety, the bill and cross-bill would be dismissed.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 197; Dec. Dig. § 55.*]

2. DIVORCE (§ 231*)—SEPARATION—SUPPORT.

Code Civ. Proc. § 1766, providing that, in an action for separation, the court may render judgment compelling the husband to make provision for

the support of his wife, where under the circumstances such a judgment is proper, without rendering a judgment of separation, only applies where a separation can be decreed on the evidence, and does not authorize the court to render a judgment for support, where judgment for separation is not authorized.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 658–661, 664; Dec. Dig. § 231.*]

Action by Cora A. Kamman against John H. Kamman for separation. Dismissed.

James O. Moore, of Buffalo, for plaintiff.
August Becker, of Buffalo, for defendant.

BROWN, J. The charges made by the defendant against the plaintiff of infidelity and illicit relations with the co-respondent have not been sustained. The charges made by the plaintiff against the defendant of various acts of infidelity and illicit relations with various women, constituting cruel and inhuman treatment, have not been sustained.

The charges made by the plaintiff against the defendant of cruel and inhuman treatment and acts rendering it unsafe for her to cohabit with him have not been sustained. A full and careful analysis of the evidence forces the conclusion that plaintiff's complaint that defendant's counterclaim, alleging infidelity on her part, was made in bad faith, and hence constitute cruel and inhuman treatment, is without merit. The proofs as to the intimacies and relations of the plaintiff and the co-respondent do not convince the mind with that satisfactoriness which is essential to the making of a finding that adultery has been committed; yet they do show such extensive, constant association and communication, under such questionable circumstances, that they cannot be fully explained by the suggestion that the plaintiff was solely availing herself of the necessity of consulting her attorney and seeking professional advice. In view of the fact that the plaintiff boldly charged the defendant with wholesale infidelity and licentious conduct, and in view of the fact of the established relations between the plaintiff and the co-respondent, it cannot be said that the charges of the defendant in his counterclaim of infidelity on the part of the plaintiff were made in bad faith. It is only where such charges are made in bad faith that they constitute cruel and inhuman treatment, or such conduct as renders it unsafe for cohabitation. Straus v. Straus, 67 Hun, 491, 22 N. Y. Supp. 567; Fowler v. Fowler, 11 N. Y. Supp. 419 [1] ; De Meli v. De Meli, 5 Civ. Proc. R. 306; Id., 120 N. Y. 493, 24 N. E. 996, 17 Am. St. Rep. 652; Kennedy v. Kennedy, 73 N. Y. 369.

All items of fact satisfactorily proved on the trial, as constituting the grounds for the charge of improper acts of the defendant and Ethel Couch, were done and committed at the suggestion and request of the plaintiff. For months after many, and for years after some, of

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 601.

such transactions, which can now be claimed to constitute cruel and inhuman treatment of the plaintiff by the defendant, the plaintiff, with full knowledge thereof, maintained a very close, intimate, and confidential friendship with Miss Couch, treating her as a most trusted and loving friend. The charge now made by the plaintiff of the impropriety between the defendant and Miss Couch is so utterly devoid of probative evidence, so lacking in proof, so unworthy of credence, that this claim must be dismissed, with the suggestion that upon the evidence Ethel Couch has been exonerated from the charge of any improper relations with the defendant.

The employment by the defendant of detectives to watch, follow, and observe the plaintiff, the placing of dictaphones in her private apartments, posting detectives in the home, the employment of a detective as a driver of her automobile, was justified under the circumstances. The proof is that for months the plaintiff was very, very frequently in the company of, and that she sustained quite intimate relations with, the co-respondent, and that but very few days passed but that they were together. While it is true that at substantially all times there was a third person present, yet a finding could be made that at least on one occasion in the daytime the co-respondent was in plaintiff's bedroom about one hour while the plaintiff was in bed, the door to the room being open and other persons about the house, at which time, to remove all suspicion of illicit conduct, it would have been much more satisfactory had a third person been present in the room. With such conditions and relations existing, it is believed that the defendant was justified in doing the things that he did do to discover the truth relative to the apparent intimacies between his wife and the co-respondent.

The plaintiff failing to satisfactorily establish her charges of cruel and inhuman treatment on the part of the defendant, and the defendant failing to establish his accusations of infidelity on the part of the plaintiff, the proper disposition of this unfortunate litigation would seem to be to leave these parties in the situation which they have made for themselves. They each are guilty of such an array of misdoings and questionable practices, have been so replete in their unwarrantable accusations, so ready with their vicious charges, so deficient in their understanding or comprehension of the responsible institution of marriage, that it cannot be said that either of them is in fairness or justice entitled to the protection of the court, or relief from the duties and obligations of marriage.

A careful examination of the mass of testimony confirms the conviction that the claims of the parties are based upon evidence of the same character and weight. Treating both as true, neither party is entitled to relief, for both are in the wrong; treating both as false, the same result is reached. The conclusion is that the plaintiff's complaint and defendant's counterclaim must be dismissed. The defendant's marital obligation to support and maintain the plaintiff remains in force. The plaintiff is entitled under the law to such a maintenance as is commensurate with the defendant's station in life.

[2] In view of the situation of the parties, it is to be regretted that

the court is without power in this action to determine the sum that the defendant should provide for the plaintiff's support. Section 1766 of the Code of Civil Procedure provides that in an action like this the court may render judgment compelling the husband to make provision for the support of the wife, where under the circumstances of the case such a judgment is proper, without rendering a judgment of separation. The Court of Appeals, in Davis v. Davis, 75 N. Y. 221, and Ramsden v. Ramsden, 91 N. Y. 281, and the Appellate Division, in Robinson v. Robinson, 146 App. Div. 533, 131 N. Y. Supp. 260, have decided that the statute referred to applies only where a separation can be decreed upon the evidence. It is seen that such a decree cannot be made on this evidence.

Judgment is accordingly ordered. Let findings be prepared. Counsel fee of $1,750 having been heretofore awarded, no costs are allowed to the plaintiff. The co-respondent, having appeared by service of a verified answer, and no adultery having been proved, is entitled under section 1765 of the Code of Civil Procedure to recover costs of the defendant, consisting of trial fee of $30 and disbursements to be taxed.