WALTER C. MORRIS, Plaintiff, v. MARY S. MORRIS, Defendant.

(Supreme Court, Kings Special Term for Trials, July, 1919.)

Separation — when action for, may be brought by husband — divorce.

> A husband may bring an action for a separation on the ground of defendant's cruel and inhuman treatment.

ACTION for a separation.

Jenkins & Harwood (Charles Harwood, of counsel), for plaintiff.

York & York (Frank B. York, of counsel), for defendant.

CROPSEY, J. The grounds upon which legal separations may be obtained, save that of non-support, apply to men and women alike. So such an action may be brought by the husband. And though there are expressions in the cases to the effect that there must be physical violence or the threat of it to constitute cruel and inhuman treatment, there are many decisions holding otherwise. Mere disagreements, lack of domestic harmony or incompatibility of temper do not furnish the basis for relief. *Umbach* v. *Umbach*, 183 App. Div. 495. But conduct and language which cause great mental suffering and which

are persisted in may be the basis of a separation. Mental anguish may be far keener and more lasting than mere physical pain.

" Cruel and inhuman treatment does not necessarily imply such treatment as places a wife in physical fear of the husband. The conduct of the husband may produce such a mental agony in the wife as to be even more cruel and inhuman than if mere physical pain had been inflicted; and where the conduct of the husband towards the wife is of this character, it is certainly cruel and inhuman, and justifies the court in freeing her from the necessity of submission to such treatment." *Lutz* v. *Lutz*, 9 N. Y. Supp. 858, 859. This quotation was cited with approval in *Kissam* v. *Kissam*, 21 App. Div. 142, and following it the court said (p. 145) : " This doctrine has received support from other courts [*Atherton* v. *Atherton*, 82 Hun 179; *Waltermire* v. *Waltermire*, 110 N. Y. 183], and must now be regarded as the law." This case has not been overruled. And there are many more to the same effect. *Straus* v. *Straus*, 67 Hun, 491; *Smith* v. *Smith*, 92 App. Div. 442; *Fitzpatrick* v. *Fitzpatrick*, 21 Misc. Rep. 378; *Whispell* v. *Whispell*, 4 Barb. 217, 219; *Bihin* v. *Bihin*, 17 Abb. Pr. 19, 26; *Fowler* v. *Fowler*, 33 N. Y. St. Repr. 746. There is nothing in conflict with the above in the decisions as I read them in *Barber* v. *Barber*, 168 App. Div. 212, and *Donohue* v. *Donohue*, 180 id. 561, though the language of the opinions might appear otherwise.

In the present case, the evidence showed that the defendant abused the plaintiff, continually calling him slurring, improper and even indecent names, frequently accompanied with profanity, that she, in effect, accused him of having stolen her jewels, that she told him she loved another man whom she named and regretted that she had not married him. Her remarks

about the plaintiff were at times made in the presence of others, and they were of a humiliating character, and seemingly were made for the purpose of injuring the plaintiff's feelings. The defendant does not appear to be a nervous or hysterical woman, and her conduct cannot be excused on that score. The defendant was much in the company of the man she said she loved and whom she wished she had married, visited restaurants and public places with him and received his attentions. She also permitted him to caress her and generally deported herself in such a way that, when knowledge of it came to the plaintiff, it could not but cause him great distress of mind. Such conduct persisted in as it was by the defendant constitutes, in my judgment, cruel and inhuman treatment, rendering a continuance of the marital relations improper and impossible, and justifying a decree of separation.

Judgment for plaintiff.