CLARA MCCUNE HEYLMUN, Plaintiff, *v.* CHARLES HENRY HEYLMUN,
Defendant.

Supreme Court, Livingston County, March, 1922 (Received July, 1922).

**Husband and wife — separation granted for conduct rendering continuance of marital relation intolerable.**

Under section 1161, subdivisions 1 and 2, of the Civil Practice Act, a separation
may be granted for conduct which though not amounting to physical violence
or apprehension thereof, causes a state of mind in the plaintiff rendering the
continuance of the marital relation so reasonably intolerable as to constitute
cruel and inhuman treatment.

ACTION for separation.

*William J. Baker*, for plaintiff.

*Newton, O'Connor & Newton*, for defendant.

RODENBECK, J. Under section 1161, subdivisions 1 and 2, of
the Civil Practice Act, formerly Code of Civil Procedure, section
1762, subdivisions 1 and 2, a separation may be granted for conduct
not amounting to physical violence or apprehension of such violence
which cause a state of mind in the plaintiff, rendering the continuance of the marital relation so reasonably intolerable as to constitute cruel and inhuman treatment. No rule can be laid down
which will meet all situations of this character and this general
language states the rule as specifically as it can be expressed.
Each case depends upon its own facts and circumstances, but if
they are such, in the absence of physical violence or apprehension
of violence, as to cause a condition of mind that may impair the
health of the plaintiff or otherwise render the relationship reasonably insufferable, amounting to cruel and inhuman treatment, a
separation may be granted. The terms " cruel and inhuman treatment " and conduct which renders it " unsafe and improper " for
the parties to cohabit are not to be interpreted to mean physical
interference or threat of such interference. Whatever may have
been in the mind of the legislature when these terms were first
employed, they have now come to have a signification which
includes acts and conduct which affect the state of mind of the
party to such an extent as to amount to cruel and inhuman treatment and to render the continuance of the marital relation reasonably unbearable. The law favors marriage, but there is no law
which requires the parties to live together. The only penalty
attached for a voluntary separation by the wife is that she thereby
relinquishes her right to support. Such separation does not necessarily deprive her even of the custody of the children of the

8

Supreme Court, July, 1922. [Vol. 119

marriage. The court may still award the children to her if it deems such custody to be for the best interest of the children. There is no definition in the statute as to what constitutes cruel and inhuman treatment or when it shall be unsafe and improper for the parties to cohabit and the courts have extended these terms to include cases where there was no physical violence or threat of violence. Words charging a wife with unchastity, particularly in the presence of others, has been held to be a sufficient ground for a separation (*Straus* v. *Straus*, 67 Hun, 491; *Lutz* v. *Lutz*, 9 N. Y. Supp. 858; *Smith* v. *Smith*, 92 App. Div. 442); also denouncing a wife as a " cur," a " worm " and a " devil " accompanied by charges of infidelity (*Fitzpatrick* v. *Fitzpatrick*, 21 Misc. Rep. 378); abusive treatment by a mother-in-law, the husband acquiescing therein and refusing to establish a separate home (*Snyder* v. *Snyder*, 98 Misc. Rep. 431); flaunting an improper amour in the face of the husband and calling him slurring, improper and indecent names (*Morris* v. *Morris*, 108 Misc. Rep. 228.) There are many other cases to the same effect.

In the case at bar there were no acts of physical violence. There was only one occasion when the plaintiff claimed that there was an indication of threatening conduct. The plaintiff was not in fear of the defendant nor is there evidence from which it might be found that it was physically unsafe for her to cohabit with him. No separation can be granted to her unless the language of the statute includes acts and conduct not amounting to physical violence or apprehension of violence. The acts relied upon taken singly are not of sufficient importance to justify a separation. It is only as they are grouped and constitute a course of conduct by the defendant that they reach the level of legal importance as a basis for a cause of action. The defendant was profane but not to this plaintiff. He swore frequently and without apparent provocation but this conduct is not of special significance except as it may have tended to disturb the plaintiff. He was irreligious and spoke slightingly of the church and church people but many men who swear and are not members of a church are nevertheless good husbands from a legal standpoint. He was not as cleanly in his habits as the plaintiff desired. Men who work on farms and are obliged to take care of horses and cattle are not able to keep their clothes free from barnyard odors. This was a condition which she might have expected but a man engaged in this employment may be so inattentive to his condition as to make his presence unbearable. A reasonable amount of attention to physical conditions may be expected and if it is not given it may furnish a cause of complaint especially if it is allowed to continue with a

Misc. 113]                    Supreme Court, July, 1922.

conscious indifference to the effect upon others. The defendant has not been generous in his treatment of his wife with respect to her personal necessities. She has not had a new garment of any sort since her marriage, covering a period of four years, and has been allowed for personal use the sum of fifty-six cents a week, being money that was received for milk sold to neighbors. The defendant is charged with being penurious in that he examined the potato peelings and squash parings to see if the plaintiff was wasteful. He was in a situation where he could not be very generous in respect to pecuniary matters, but this does not apply to the bestowal of acts of kindness and sympathy upon his wife. He was working two farms that were not well stocked or provided with farm implements and had the care of his invalid mother who has the life use of the property, but this burden should not have led him to treat his wife as a common scullion and exact from her daily drudgery without words of kindness, encouragement or sympathy. The plaintiff knew the condition of the house which she was expected to occupy, but she had the right to assume that the defendant would endeavor to make it as comfortable as his means and opportunities would permit. Instead of doing so he permitted the house to remain in a condition out of repair. Windows were out, plaster was down in a number of rooms and no effort seems to have been made by him to provide a suitable home for his wife. He exacted from her the care of the house and the performance of the usual household duties. The plaintiff, it must be said to her credit, has not uttered a single word of complaint against the defendant's mother and the defendant must be given the credit of providing a home for his mother, but he should take into consideration that the girl whom he selected was a woman of education and refinement and that she could not be expected to be reduced to the position of a common household drudge. He complained when she wrote letters to her relatives and friends or attempted to read at night. The " head and front " of his offending, however, is that he did not show that feeling of kindness and sympathy towards the plaintiff which any reasonable man under the circumstances would extend to a wife. He appears to have been discouraged by his efforts to make the farm profitable. He was not a successful farmer. He did not succeed in realizing enough from the farm to meet his expenses, but during the four years has steadily run into debt. This failure to profitably operate the farm may have affected his temper and may explain the exhibition of violence which has been testified to toward one of the boys from the State Industrial and Agricultural School, but does not justify a sullen and morose attitude toward his wife. These

circumstances and others to which it is unnecessary to refer, taken together made the plaintiff nervous and affected her digestion and constitute sufficient ground under the circumstances to justify a decree of separation. The conditions were not artificial creations but spontaneous manifestations of the natural temperament of the defendant and the difference between his nature and that of his wife. The plaintiff is a frail woman weighing about 105 pounds, a graduate of a university, wholly unsuited to perform the duties which the defendant evidently expected of her. The defendant is a man of considerable education but irresponsive to a proper feeling of kindliness and sympathy toward his wife which make the married life of these parties intolerable. The individual circumstances in the case are not sufficient in themselves to justify a separation but taken together and viewed in the light of the circumstances and temperament of the parties justify a decree of separation. This is not a case of mere incompatability (*Averett* v. *Averett*, 189 App. Div. 250) but one of differences of temperament, character, breeding, education and of special circumstances resulting in acts and conduct which in the gross amounted to cruel and inhuman treatment. *Tower* v. *Tower*, 134 App. Div. 670. No counterclaim is set up in the defendant's answer and it is not necessary to discuss in detail the acts and conduct of the plaintiff. They are only important as furnishing an excuse for the treatment of the plaintiff by the defendant. As such they are insufficient and it is not necessary to dwell upon them.

The custody of the child is awarded to the plaintiff upon terms as to visitation to be settled in the decree. No allowance is made for alimony or support, with leave, however, to apply for such alimony and support at the foot of the decree at any time.

Judgment accordingly.