FREDERICK ERNEST BERGMAN, Plaintiff, *v.* AUGUSTA I. BERGMAN, Defendant.

Supreme Court, Chautauqua County, November 14, 1930.

*Carlson & Alessi* [*Samuel C. Alessi* of counsel], for the motion.
*John S. Leonard*, opposed.

NOONAN, J. This is an action for a separation under the provisions of subdivisions 1 and 2 of section 1161 of the Civil Practice Act, and it is before the court on a motion to confirm the report of the referee who was appointed to hear, try and determine the case.

The parties intermarried at Frauenheim, Germany, on December 23, 1922. It was the second matrimonial adventure of each party. The plaintiff came to America first and later, when the defendant and her daughter, by a former marriage, arrived, the parties lived at Jamestown, N. Y.

At the trial the defendant rested at the close of the plaintiff's case, and moved to dismiss the complaint upon the ground that the facts proven did not establish a cause of action, and the real question now before the court is whether or not this motion was properly denied.

The referee has found, upon undisputed evidence, that the defendant, without just cause or provocation, caused the plaintiff to be arrested for non-support, on or about the following dates: January 14, 1929, first week of April, 1929, May 8, 1929, and September 6, 1929, and the referee also properly found that such conduct on the part of the defendant did harass and embarrass the plaintiff and cause him mental distress and suffering and constituted cruel and inhuman treatment.

The decision of the referee is supported by well-considered cases. In *Lutz* v. *Lutz* (9 N. Y. Supp. 858) the court said: " Cruel and inhuman treatment does not necessarily imply such treatment as places a wife in physical fear of the husband. The conduct of the husband may produce such a mental agony in the wife as to be even more cruel and inhuman than if mere physical pain had been inflicted; and, where the conduct of the husband towards the wife is of this character, it is certainly cruel and inhuman, and justifies the court in freeing her from the necessity of submission to such treatment."

The *Lutz* case was approved in *Kissam* v. *Kissam* (21 App. Div. 142) where the court said (p. 145): " This doctrine has received support from other courts (*Atherton* v. *Atherton*, 82 Hun, 179; *Waltermire* v. *Waltermire*, 110 N. Y. 183) and must now be regarded as the law " (See, also, *Straus* v. *Straus*, 67 Hun, 491; *Smith* v. *Smith*, 92 App. Div. 442; *Fitzpatrick* v. *Fitzpatrick*, 21 Misc. 378; *Whispell* v. *Whispell*, 4 Barb. 217, 219; *Bihin* v. *Bihin*, 17 Abb. Pr. 19, 26; *Fowler* v. *Fowler*, 33 N. Y. St. Repr. 746), and since men and women, in actions of this kind, must be judged by the same standard (*Morris* v. *Morris*, 108 Misc. 228) I am of the opinion that the referee correctly decided that causing four unjustifi-

able arrests for non-support, within eight months, was cruel and inhuman treatment, giving the plaintiff the right to a judgment of separation.

The referee also found, upon undisputed evidence, that the daughter of the defendant, on or about November 5, 1928, used abusive and threatening language towards the plaintiff, and, without just cause or provocation, struck the plaintiff, inflicting serious bodily harm, and about the same time advised the defendant not to cohabit with the plaintiff, which advice defendant followed for about two months. Also, that on or about March 14, 1929, said daughter struck the plaintiff with an earthen crock, and she again assaulted the plaintiff in July, 1929, and on or about August 31, 1929. All these assaults inflicted grievous bodily harm, and some of the injuries required the attention of a physician.

All of these assaults were committed in the presence of the defendant, and as she did not try to prevent them she is deemed to have ratified such acts. She also refused to compel her daughter to live elsewhere, when requested so to do by the plaintiff.

The counsel for defendant contends that the defendant is not bound by the acts of her daughter, but well-considered cases hold that the parties to a marriage contract are entitled to live their married life without the burden or interference of the " in-laws." The plaintiff married the defendant and not her daughter, and since a wife is entitled to live her married life without any interference and apart from her " in-laws" (*Mossa* v. *Mossa, No. 1,* 123 App. Div. 400; *Field* v. *Field,* 79 Misc. 557; *Snyder* v. *Snyder,* 98 id. 431), it follows logically that the plaintiff is entitled to live his married life wholly apart from his athletic stepdaughter. Therefore, the report of the referee must be confirmed.

One other matter remains. It was stipulated at the trial that the attorney for the defendant might make an application for further counsel fees. The attorney has already received seventy-five dollars for his services; the trial was short, not difficult, and without expense to the defendant, and the plaintiff is a man of limited capacity, earning from twenty dollars to twenty-five dollars per week. Under the circumstances, I think the motion must be denied.

Let an order be entered in accordance herewith.