ISMERIE BRANDT, Plaintiff, *v.* AUGUSTO BRANDT, Defendant.

Supreme Court, New York County, June 6, 1932.

*Zabriskie, Sage, Gray & Todd* [*William E. Birdsall* and *Melber Chambers* of counsel], for the plaintiff.

*Arthur D. Strahl* and *Douglass C. Lawrence,* for the defendant.

COTILLO, J.   The plaintiff, a native of France, and the defendant, a musician born in Venzuela, met in Brussels in 1911.   At that time the plaintiff was twenty-two years old and the defendant eighteen and one-half years old.   The defendant then migrated to New York and in 1914 the plaintiff, a citizen of France, was detained at Ellis Island, New York, and refused admittance to the United States. In order to make it possible for her admission to the United States, the defendant married her on February 27, 1914, and they lived together until December 4, 1929, when they separated.

The plaintiff has alleged two causes of action in the complaint. In the first cause of action she sets forth the claim of abandonment by the defendant, the abandonment allegedly taking place on December 4, 1929.   In the second cause of action she sets up a claim of non-support in 1929 and prays for a separation.

The defendant has entered a general denial, denying the abandonment and the non-support.   He sets up as an affirmative defense that the plaintiff treated the defendant in a cruel and inhuman manner, claiming that for a long time prior to the date of the defendant's alleged abandonment plaintiff had in her employ one Maria Isabel Arevalo, who was given board and lodging in the apartment used as a home by the plaintiff and defendant without the consent and contrary to the defendant's expressed wishes.   The defendant further charges that there existed between the plaintiff and the said Maria Isabel Arevalo a relationship that was such as to properly be provoking and irritating to the defendant, subjecting the defendant to humiliation and undermining the defendant's marital relationship, in that during the years 1928 and 1929 plaintiff and the said Maria Isabel Arevalo had been constantly in the habit of fondly embracing and kissing each other without any special occasion or reason; that they sought each other's company continuously, and on numerous occasions upon returning home from his work defendant found them in their negligees on the sofa; and that the said Maria Isabel Arevalo, while a member of the household of plaintiff and defendant, caused and instigated quarrels of a serious nature between them; that prior to December 4, 1929, and on numerous occasions the plaintiff informed defendant that the said Maria Isabel Arevalo meant more in her life than did the defendant; that the said person was very affectionate to her, and in the summer of 1930 plaintiff, against defendant's wishes and entreaties, went to Europe with Maria Isabel Arevalo and without

the defendant; that the plaintiff refused to give up the companionship of this woman; that during the years of 1928 and 1929 the plaintiff neglected and refused on numerous occasions to prepare and serve the defendant his meals; that since their marriage and particularly during the years of 1928 and 1929, plaintiff was very domineering and exacting toward the defendant and slapped his face for arriving home half an hour late from work, and constantly made little of defendant's ability as a musician, discouraged and prevented his practicing, mocked his efforts to prove his talents and to attain his ambition, belittled and undermined his efforts and work to such an extent that it became entirely unsafe and improper for defendant to live and cohabit with plaintiff; that on December 4, 1929, plaintiff insisted that the defendant leave the apartment and household unless he consented and acquiesced in Maria Isabel Arevalo's remaining and being a member of their household and living in the apartment used as a home by the plaintiff and defendant. In the second defense, which is also raised by way of counterclaim, the defendant claims that the plaintiff disregarded her duties and obligations as a wife, and without the defendant's consent has abandoned the defendant and has been willfully and continuously absent from him since December 4, 1929. By way of a third separate, distinct and affirmative defense and by way of counterclaim, the defendant alleges that prior to December fourth, without the consent and against the defendant's expressed wishes, the plaintiff brought her nephew, Gaston Matifas, to the United States and permitted him to reside in the abode of the plaintiff and defendant.

It is well-settled law in this State that a husband or wife shall be entitled to the rights of the home without the presence of third parties, more particularly so when it appears that the third party is permitted to remain in the home to the distress of the husband or the wife, and Judge CRANE, writing in the case of *Field* v. *Field* (79 Misc. 557), stated that law when he wrote: " If the husband's mother makes discord where there should be harmony, interfering with the wife's control and management, even at the request of her son, or by her own improper conduct and thoughtless language makes the home unpleasant and distressing to the defendant, then the wife would be justified in leaving her husband and requiring support from him elsewhere." Again in *Bergman* v. *Bergman* (138 Misc. 335), Judge NOONAN declared: " The plaintiff married the defendant and not her daughter, and since a wife is entitled to live her married life without any interference and apart from her in-laws * * * it follows logically that the plaintiff is entitled to live his life wholly apart from his athletic stepdaughter." And in *Blair* v. *Blair* (160 App. Div. 781) it is said that a " husband

who maintains the family has a right to say who shall reside with them in the home, and may refuse to have boarders whose requirements interfere with the family comfort and whose presence excites comment on the part of the neighbors," even though the family house is the joint property of the husband and wife, and the husband's enforcement of his desire does not entitle the wife to a separation.

It is my understanding that the husband is the head of the family and as such has the general right to regulate the household, its management and expenses. Inasmuch as he is the indispensable financial provider for the upkeep of his family, it is his prerogative to determine who shall visit the home and who shall become members of the household. In the present case the facts are even more in favor of the husband, because here the plaintiff insisted, not on a member of her immediate family being part of her household, but upon having an utter stranger. This the husband was absolutely justified in objecting to. The record seems to be replete with evidence that Maria Isabel Arevalo was foisted upon the defendant over his objection, and it seems to the court to justify the husband's removal from the home. Further, the evidence also seems to indicate the actual act of desertion was performed by the wife and not by the husband, because according to the testimony it appears that on or about the date of the alleged desertion, the wife after a quarrel with the husband concerning said Maria Isabel Arevalo, refused any longer to occupy the same room with him but took her pillow from his bed and from then on continued to sleep with the said Maria Isabel Arevalo. As to some of the charges in the counterclaim of the husband, the court feels constrained to find against him. While there is a strong probability for the charge of perversion, it was not proved to my satisfaction by legal proof. The difficulties in this marriage seem to have arisen because of the temperaments of both parties. They are both cultured and appear to be unable to properly appreciate that each has rights in the home and each has duties. Taking into consideration the intelligence of the parties, the court hopes that they will again become reconciled after this temporary estrangement. The complaint is dismissed, and also the counterclaim of the defendant. Submit findings and conclusions of law.