EDWARD M. HIGLEY, Appellant, *v.* JUNE S. HIGLEY, Respondent.*
Third Department, May 10, 1939.

*Sharon J. Mauhs*, for the appellant.

*Wallace H. Sidney*, for the respondent.

McNAMEE, J. The plaintiff seeks a judgment of separation *a mensa et thoro*. The plaintiff makes claim that the defendant

---

* See *People ex rel. Higley* v. *Millspaw* (257 App. Div. 40).

has been guilty of cruel and inhuman treatment of the plaintiff. (Civ. Prac. Act, § 1161, subd. 1.) And in pleading that claim the plaintiff alleged, among other things, in substance: " On or about the 8th day of July, 1938, without any cause or provocation therefor, the defendant caused the plaintiff to be indicted [by a grand jury] in the State of Maryland for the crime of desertion and non-support, and thereafter and on the 12th day of July, 1938, caused the plaintiff to be arrested in the State of New York and taken into custody by the Sheriff of Schoharie county, New York, and held up to public shame." The defendant moved to strike out these allegations as not presenting a triable issue, and the Special Term granted the motion.

The plaintiff relies on the case of *Bergman* v. *Bergman* (138 Misc. 335) in his support of his pleading. There it was *found* on undisputed evidence that the defendant had caused the arrest of the plaintiff four times within eight months, without cause or provocation, and that such conduct constituted cruel and inhuman treatment within the meaning of the section mentioned. The sufficiency of the pleading was not in question in the *Bergman* case, and for that reason the case is not an authority here.

Contrariwise, the merits of this action are not before us, but only the sufficiency of allegations of the complaint. But assuming, without deciding, that causing the indictment and arrest of the plaintiff without cause or provocation, constitutes cruel and inhuman treatment, the question is, does the complaint adequately allege that cause. We think not. The complaint alleges an indictment by a grand jury of the State of Maryland, and thereby it alleges also probable cause. The law is settled in this State that an indictment by a grand jury, in and of itself, justifies the complaint that sets the grand jury in motion. (Code Crim. Proc. § 258; *Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296, 300; *Agar* v. *Kelsey*, 253 App. Div. 726; *Green* v. *General Cigar Co., Inc.*, 238 id. 638.) And in like manner the holding, after an examination, of an accused by a magistrate, justifies the action of the complaining witness in making the charge. (*Graham* v. *Buffalo General Laundries Corp.*, 261 N. Y. 165; *Schultz* v. *Greenwood Cemetery*, 190 id. 276, 280, 281.)

Accordingly, when the complaint shows on its face that the grand jury has indicted the plaintiff, or a magistrate has held him in arrest after examination into the charge, it is not sufficient for the plaintiff to allege that the defendant caused his indictment and arrest " without any cause or provocation; " but the plaintiff must go further and allege facts to show that the indictment or restraint was brought about through the exercise by the defendant

of fraud, corruption or oppression. When the pleading here set forth the indictment and the arrest, the expression " without any cause or provocation " constituted merely a characterizing of defendant's conduct; and without an allegation of facts to justify it, it was not sufficient to overcome the presumption of probable cause arising from the finding of the indictment. (*Graham* v. *Buffalo General Laundries Corp., supra; Hopkinson* v. *Lehigh Valley R. R. Co., supra,* 300; *Hodge* v. *Skinner,* 254 App. Div. 42, 43.) In the pleading before us the indictment was alleged, but no facts were charged showing bad faith on the part of the plaintiff.

The order appealed from should be affirmed, with costs.

HILL, P. J., CRAPSER and BLISS, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.