### TOWER v. TOWER.

(Supreme Court, Appellate Division, Second Department.　November 24, 1909.)

1. DIVORCE (§ 184*)—APPEAL—QUESTIONS OF FACT—"CRUEL' AND INHUMAN TREATMENT."

There is no exact standard of what constitutes "cruel and inhuman treatment," authorizing a limited divorce, it depending upon the temperament, breeding, and condition in life of the parties, which cannot be made to appear in a printed record, so that, in the absence of legal error, the courts will be reluctant to disturb the finding of facts of the trial justice.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 66, 572; Dec. Dig. § 184.*

For other definitions, see Words and Phrases, vol. 2, p. 3202; vol. 8, p. 7624.]

2. DIVORCE (§ 27*)—GROUNDS—CRUEL AND INHUMAN TREATMENT.

If a husband for about two years treated his wife in a cruel and inhuman manner, becoming intoxicated a number of times and frequently associating with and compelling his wife to associate with a woman of ill repute, forcing her into the woman's company and withdrawing his society and companionship at long interval from the wife, and immediately thereafter refused to provide for he and wholly abandoned her, without proper means suitable to his static for her support, she would be entitled to a limited divorce.

[Ed. Note.—For other cases, see Divorce Cent. Dig. § 83; Dec. Dig. § 27.*]

3. DIVORCE (§ 240*)—ALIMONY—EVIDENCE.

While an agreement made by husband and wife while they were living together that they would live apart, and that the husband would pay the wife $700 a month and furnish a house and ther things for her use, was void, it affords a basis for the determinа:'n of a proper allowance as alimony for the wife, on her establishing her right to live apart from the husband.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 676, 677; Dec. Dig. § 240.*]

Appeal from Special Term, Dutchess County.

Divorce action by Mary B. Tower against Albert E. Tower. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Charles E. Le Barbier, for appellant.
Charles Morschauser, for respondent.

WOODWARD, J. The learned court, upon a trial of this action, has found as a fact that "for about two years immediately preceding

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

November 1, 1907, the defendant has treated the plaintiff in a cruel and inhuman manner, becoming intoxicated at a number of times, and frequently associating with, and compelling this plaintiff to associate with, a woman of ill repute, and forcing her in her company, and treating the plaintiff in a cruel and inhuman manner, and withdrawing his society and companionship at long intervals from her," and that "on or about the 1st of November, 1907, the defendant refused and neglected to provide for the plaintiff, and wholly abandoned her, without any proper means suitable to his station for her support, and failing to provide her a suitable house to live in, suitable for habitation, or to furnish her with any means or money." Upon these facts, the plaintiff being the lawful wife of the defendant, the court has reached the conclusion of law that she is entitled to live separate and apart from her husband, and to have the sum of $700 per month for her support and maintenance. The defendant appeals from the judgment.

There is no exact standard of what constitutes cruel and inhuman treatment. Conduct on the part of a husband which, under some circumstances, might be passed over without serious consideration, is, under other circumstances, cruel and inhuman. It depends upon the temperament, the breeding, the condition in life, and a great variety of special circumstances, which find peculiar expression upon the trial, and which cannot, in the very nature of things, be made to appear in a printed record. In the absence, therefore, of legal error, appellate courts should be reluctant to interpose to overthrow the findings of fact made by the justice presiding at the trial. While there are some matters in this record which appear comparatively trivial, and which might be accounted for by an unreasoning jealousy on the part of the plaintiff, the testimony as a whole appears to be sufficient to justify the findings of fact made upon the trial, and, if the facts are as found, the judgment follows as a matter of course.

It appears that, at a time when the parties were living together, they entered into a voluntary agreement to live apart, and the defendant in that agreement undertook to pay $700 per month, and to furnish a house and other things for the use of the plaintiff; and while this agreement was, of course, void, it furnishes some basis for the determination of a proper allowance for the plaintiff in this action, when she has established her right to live apart from her husband, and the latter has no ground for complaint upon this score.

The judgment appealed from should be affirmed, with costs. All concur.