EMILIE WIRTH, Respondent, *v.* JOHN WIRTH, Appellant.

First Department, November 8, 1918.

**Husband and wife — separation — cruel and inhuman treatment — pleading — issues — when misconduct condoned — evidence — duty of husband to support wife.**

In an action for separation on the sole ground of cruel and inhuman treatment, a judgment cannot be supported by evidence of defendant's failure to properly provide for the plaintiff, received over defendant's objection.

Where the parties continued to live together down to the time of the separa-
tion, and the serious charges of misconduct alleged occurred many months
before and none of it took place at or about the time of the separation,
said misconduct will be held to have been condoned.

Moreover, if the plaintiff were entitled to the benefit of evidence erroneously
received to the effect that the defendant had failed to support her and her
child, it would be insufficient to sustain a judgment in her favor.

A husband is not bound to support his wife while she remains away from
the home he provides for her, under the evidence in this case.

APPEAL by the defendant, John Wirth, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of Bronx on the 3d day of
April, 1918, upon the decision of the court after a trial at
the Bronx Special Term.

The judgment awarded plaintiff a separation and alimony
and gave her the custody of the child of the parties. An
appeal is also taken, as stated in the notice of appeal, from
the decision pursuant to which the judgment was entered.

*August P. Wagener*, for the appellant.

*Julius D. Tobias*, for the respondent.

LAUGHLIN, J.:

This is an action for separation on the sole ground of cruel
and inhuman treatment. The decision and judgment proceed
upon that and other grounds not alleged, viz., failure properly
to provide for the plaintiff and conduct on the part of defend-
ant rendering it unsafe for plaintiff to cohabit with defendant.
The complaint was not amended and the evidence relating
to the grounds for separation, other than that pleaded, was
received over defendant's objection duly interposed that the
evidence was not within the issues. The judgment cannot
be supported by the evidence with respect to the charges
not pleaded, for the nature and circumstances of the defend-
ant's misconduct and the time and place of each act com-
plained of must be pleaded. (Code Civ. Proc. § 1764.)

The only evidence offered on the trial was the testimony
of the plaintiff. In so far as the evidence relates to misconduct
specified in the complaint, it was condoned, for the parties
continued to live together down to the time of the separation,
and such of it as was of a serious nature occurred many

months before and none of it took place at or about the time of the separation. Moreover, the misconduct pleaded was not the cause of the separation. The plaintiff, according to her own testimony, left the defendant for the reasons that he was not contributing toward the support of herself and daughter, who was about five years of age, as much as she thought he should and that he wished her to work out and earn money, and to continue to live with him, which she was unwilling to do, and she thereupon left, taking the child with her. If, however, the plaintiff were entitled to the benefit of the evidence thus erroneously received it would be insufficient to sustain the judgment. Of course, the duty of the defendant to support his child continues, and the law prescribes a remedy for requiring performance of that duty. So, too, it is his duty to support his wife, but not, on the evidence here adduced, while she sees fit to remain away from the home he provides for her. Nothing, so far as appears, has occurred to render it improbable that these parties may not be able to resume marital relations with entire safety to the plaintiff.

It follows that the judgment and the findings and conclusions of law inconsistent with these views should be reversed, without costs, and appropriate findings and conclusions of law to sustain a judgment of nonsuit dismissing the complaint, without costs, and authorizing the entry of such a judgment should be made.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Judgment reversed, without costs, and complaint dismissed, without costs. Order to be settled on notice.