ANNA KAPITOLA, Respondent, *v.* JOSEPH KAPITOLA, Appellant.

First Department, November 21, 1919.

New trial — newly-discovered evidence — divorce action — discovery of evidence during trial showing plaintiff's adultery — motion made prior to signing of decision and entry of interlocutory judgment in favor of plaintiff — entry of judgment in favor of plaintiff after motion for new trial made on uncontroverted affidavits establishing plaintiff's adultery — effect of failure to ask for leave to amend answer in notice of motion.

Where a motion for a new trial is made by the defendant in an action for a divorce on the ground of newly-discovered evidence before the decision in favor of the plaintiff has been signed or an interlocutory judgment entered, and said motion is supported by uncontroverted affidavits of the most convincing character showing that the plaintiff was guilty of adultery, and explaining satisfactorily the reason for the defendant's failure to discover such evidence, it is error for the court to deny the motion for a new trial.

And also it is error for the court after the making of the motion to sign a decision in favor of the plaintiff and to enter an interlocutory judgment thereon, for in view of the provisions of section 1758 of the Code of Civil Procedure, when the court had been duly advised of plaintiff's adultery upon positive evidence of which there was no contradiction, and the adultery was such that the defendant, if innocent, would have been entitled to a decree against the plaintiff, the plaintiff lost her right to a divorce and was not entitled to a judgment in her favor.

Although the defendant did not, in his notice of motion for a new trial on the ground that he had recently discovered evidence of plaintiff's adultery, specifically ask for leave to amend his answer by setting up plaintiff's adultery as a bar to her right to a decree, a general prayer for relief included in his notice of motion is sufficient to cover such an application, where it is obvious from the proceedings that it was the purpose of the motion to permit him to plead the plaintiff's adultery.

APPEAL by the defendant, Joseph Kapitola, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of February, 1919, upon the decision of the court after a trial at the New York Special Term, and also from an order entered in said clerk's office on the 28th day of February, 1919, denying defendant's motion for a new trial upon the ground of newly-discovered evidence.

*Leon Kronfeld,* for the appellant.

*Otto H. Droege,* for the respondent.

DOWLING, J.:

The defendant appeals from an interlocutory judgment of divorce. Upon this phase of the case it is sufficient to say that the evidence amply justified the finding of the learned trial court that the defendant was guilty of the acts of adultery enumerated in the decision herein. The trial of the action took place on February 3, 1919. During the cross-examination of one of the plaintiff's witnesses defendant's counsel asked whether, in view of the fact that he had received certain information practically that day, the plaintiff's counsel would object to his putting in a counterclaim for the same relief the plaintiff was asking, based on the plaintiff's adultery. The plaintiff's counsel objected, whereupon the court said it would have to be brought out on proper pleadings. No further application was then made to amend the answer nor for any adjournment of the trial. On February 13, 1919, however, before the decision herein had been signed or the judgment entered, the defendant made a motion for a new trial on the ground of newly-discovered evidence and for such other and further relief in the premises as to the court might seem just and proper. Upon that application affidavits were presented of the most convincing character, showing that plaintiff had been living in open adultery with one Frank Parizek for a period of upwards of six months in the year 1918 at a certain house in Astoria, L. I., and that in November, 1918, she had borne a child to said Parizek by whose name she was known. After her confinement plaintiff admitted to the physician who attended her therein that she was not married to Parizek, who was the father of her child, but that there was a divorce

case pending which she hoped would be soon consummated, enabling her to marry Parizek. These affidavits were in no way controverted by plaintiff.

The defendant satisfactorily explained his failure to learn of these facts sooner. He had been paying the plaintiff through the department of public charities the sum of three dollars weekly for the support of his child. Such moneys had accumulated in said department as the plaintiff had not called for same for several months, and the defendant was advised by officials of the department to discontinue payments until she was heard from. Plaintiff did not put in an appearance until January, 1919, when she called at the department to collect the money for the support of the child and gave her address in Astoria, whereupon defendant obtained the information at the address thus given which he has embodied in his moving affidavits.

The learned trial court, despite the submission of these affidavits, denied the motion for a new trial by an order entered February 28, 1919, and in the interim on February 21, 1919, signed the decision and interlocutory judgment granting the plaintiff a divorce.

We think the disposition of the motion was erroneous and that as well the learned trial court should not have signed the decision or entered the judgment based thereon. Before granting judgment in favor of the plaintiff the court had before it the uncontroverted proof that plaintiff herself had been guilty of adultery and, therefore, being equally guilty with her husband was not entitled to a decree against him. Section 1758 of the Code of Civil Procedure provides that: " In either of the following cases, the plaintiff is not entitled to a divorce, although the adultery is established: * * * 4. Where the plaintiff has also been guilty of adultery, under such circumstances, that the defendant would have been entitled, if innocent, to a divorce."

When the court had been duly advised of the plaintiff's adultery upon positive evidence of which there is no contradiction, and the adultery was such that defendant if innocent would have been entitled to a decree against the plaintiff, the plaintiff lost her right to a divorce and was not entitled to a judgment in her favor. The interlocutory

judgment of divorce will, therefore, be reversed and a new trial ordered.

While the defendant did not in his notice of motion specifically ask for leave to amend his answer by setting up the plaintiff's adultery as a bar to her right to a decree, still it is obvious that that was the purpose of his motion, and the general prayer for relief included in his notice of motion is sufficient to cover such an application. The order denying a new trial will, therefore, be reversed and a new trial granted with leave to defendant to serve an amended answer setting up plaintiff's misconduct as a bar to her right to recover.

Both parties having been guilty of adultery this will leave them, unless a new trial should develop other facts, in the position in which the law intends they shall remain, and that is still husband and wife, both having forfeited any right to complain of the other's misconduct by reason of their own equal guilt.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Interlocutory judgment reversed and new trial ordered. Order denying motion for new trial reversed and motion granted, with leave to defendant to serve amended answer setting up plaintiff's misconduct as a bar to her right to recover. Order to be settled on notice.