## Britt *v.* Britt, Appellant.

Argued October 5, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

**588**

*Thomas A. McNab,* with him *John F. Finney,* for appellant.

*Henry Temin,* with him *Todd Daniel,* for appellee.

OPINION BY RHODES, J., December 9, 1943:

Libellant brought this action in divorce against her husband, the respondent. The master recommended that a divorce be granted on the ground of indignities to the person. Exceptions filed by respondent to the report were dismissed, and the final decree was entered by the court below. Respondent has appealed to this court.

Libellant and respondent were married on May 4, 1936, but they did not live together until May 1, 1937. During this period libellant lived with her family and respondent with his in Philadelphia. On May 1, 1937, they moved into an apartment at 2130 North Sixty-third Street, in Philadelphia, and lived there for three years. Having bought a home at 2030 North Sixty-third Street, they resided therein from May, 1940, until December 5, 1940. Since December 5, 1940, libellant and respondent have lived apart in the city of Philadelphia. Libellant is 29 years of age, and respondent is 33 years of age. They have one child, a daughter, who was born on May 21, 1939.

Libellant had the burden of establishing her case by clear and satisfactory evidence, and the weight of the evidence must be found to have been in her favor. *LaClair v. LaClair,* 128 Pa. Superior Ct. 469, 471, 194

A. 224. Respondent contends that libellant has not met these requirements.

Our examination of the record has brought us to the same conclusion as that expressed by the court below, as follows: "From a careful and independent examination of the record we are of the opinion that the quality of the libellant's evidence greatly surpassed the quality of the respondent's evidence, and we concur with the conclusion of the Master that she has made out a case by the weight of the evidence and a fair preponderance thereof, and that the libellant was justifield in resorting to the courts to sever a relation no longer endurable."

Much of the conduct of respondent, to which libellant testified, occurred in private and under circumstances which did not afford any corroboration. Between the parties themselves it is largely a matter of credibility. We have said that, upon the question of credibility, the report of the master, who had the advantage of seeing and hearing the parties, while not controlling upon the court below or upon us should not be lightly disregarded. *Briggs v. Briggs,* 145 Pa. Superior Ct. 460, 463, 21 A. 2d 415. In many other respects there was corroboration of libellant's testimony. This is especially true as to the vile and abusive language used by respondent in referring to libellant and her family and friends. Corroborative testimony of respondent's conduct toward libellant is also indicative of an attitude which would seem to have made continuance of their married life impossible. Respondent's attitude before the master was a manifestation of hate. It is not denied that he called libellant a most vile name at the hearing before the master. (311a)

We think the charge of indignities has been sustained by libellant. As described by her, the indignities consisted of physical violence and continual abuse by respondent, abnormal and unnatural sexual demands,

callous indifference, manifest disdain, calling her vile names and frequently ordering her out of their home, publicly insulting and humiliating her, and accusing her of improper associations.

The culmination of their marital difficulties was in the fall of 1940. Libellant was at Ocean City, New Jersey, during that summer, and respondent came down week-ends, and then usually stayed at his mother's cottage across from the hotel where libellant was living. Returning to Philadelphia in September, he refused to speak to libellant, and when not completely indifferent he was abusive and threatening. On December 5, 1940, he beat libellant about the face, neck, and arms, and inflicted visible bruises and contusions. She thereupon left, and the parties have not cohabited since that time.

Libellant was corroborated to some extent except as to the abnormal sexual experiences to which she alleged she was continually subjected by respondent. We are inclined to accept generally her versions of this phase of their marital life, as respondent's own testimony indicates an over emphasis on his so-called marital privileges, and discloses an unusual propensity. We do not believe that any benefit would result to anyone by a detailed discussion of the numerous and various incidents that in our judgment constitute a course of conduct on the part of respondent which made the condition of libellant intolerable and life burdensome.

It suffices to say that we agree with the conclusion of the master, who heard and saw libellant and respondent and their witnesses, and of the court below, that libellant established the charge of indignities to the person by satisfactory proof and by a preponderance of the evidence.

Decree is affirmed, at cost of appellant.