## (January 18, 1946.)

GERTRUDE H. HARNISH, Respondent, v. ALFRED C. HARNISH, Appellant.— Judgment and order affirmed, without costs of this appeal to either party. Certain finding of fact disapproved and reversed and new finding made. Memorandum: The unreasonable exercise of marital rights of coition made possible by the involuntary submission of the wife, even though the submission be procured without threat or violence, will sustain an action for separation especially if such acts tend to impair the mental and physical health of the wife, thereby rendering it unsafe and improper for her to longer cohabit with the husband. (*Rudnick* v. *Rudnick*, 288 Mass. 256; *Britt* v. *Britt*, 153 Pa. Superior Ct. 587; *Griest* v. *Griest*, 154 Md. 696; *Reynolds* v. *Reynolds*, 297 Mo. 447; *Avdoyan* v. *Avdoyan*, 265 App. Div. 763; Civ. Prac. Act, § 1161.) The evidence shows that the defendant subjected the plaintiff to excessive and unreasonable sexual indulgence which indulgence impaired her health and peace of mind

and rendered it unsafe and improper for the plaintiff longer to cohabit with him. The defendant knew that his sexual raids on the plaintiff were undermining her physical and mental health and that they were obnoxious to her, yet he persisted over her violent protests. We have no doubt, on this record, that the plaintiff was justified in resorting to the court for the termination of a condition which had become intolerable to her, especially at her period of life. Finding of Fact No. 7 should be disapproved and reversed as not within the charges specified in the complaint. All concur, except Harris, J., who dissents and votes for reversal and for dismissal of the complaint in the following memorandum: The differences between the parties to this action arose from the unreasonable refusal of the plaintiff early in married life to continue marital relations with the defendant. These differences also were contributed to by the residence of relatives-in-law residing in the home of the parties. They led to bickering which is not unusual to married life. The plaintiff has failed to afford any proof of ill health resulting from the practice of which she complains. If she did suffer such ill health, she certainly did not seek medical aid. She has failed to prove a case for separation and the complaint should be dismissed. (*Smith* v. *Smith*, 273 N. Y. 380; *Wirth* v. *Wirth*, 184 App. Div. 643.) (The judgment awards plaintiff a separation. The order denies a motion to set aside the judgment and for a new trial.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.