DOLORES JACOBSEN, Plaintiff, *v.* ROBERT W. JACOBSEN, Defendant.

Supreme Court, Special Term, Kings County, April 12, 1954.

*James E. Bennet* for defendant.

*Kurlander & Kurlander* for plaintiff.

BRENNER, J. Upon trial of the wife's action for separation the husband moves to dismiss the complaint after resting and offering no proof to contradict his wife's testimony that despite advances made by her, the parties did not have sexual intercourse for a year and a half and that since August, 1953, they have slept in separate rooms in the same apartment.

Thus, this case presents a clear cut question, not yet squarely settled in this State, whether prolonged failure to cohabit following request is grounds for separation upon the theory of abandonment, cruelty or both.

The husband contends that the male does not respond to mere demands and can be aroused only by encouraging action on the part of the wife such as serving meals, remembering his birthday and catering to his daily wants. In short, he insists that he could respond to her demands for marital relations only if she conduct herself in such manner as to win his good will and friendship. He claims, therefore, that having failed to offer such proof, the wife has not made out a prima facie case even though she testified that on several occasions during this long period of estrangement she asked him to have intercourse with her and that he had refused. The husband further urges that the wife is not entitled to a separation for his failure to indulge in marital intercourse because on her own testimony she did everything to discourage him by often staying out late at night after leaving him with the baby, and, on occasion, munching a sandwich and cracking pistachio nuts while he was trying to sleep. However, her testimony remains uncontradicted that the latter third of their married life the parties, though physically capable thereof, indulged in no such sexual relations and that since August, 1953, they occupied separate beds in separate rooms. Nor is her testimony disputed that " I was rebuffed when I tried. When I approached him he said he preferred it that way and I feel degraded and it has caused me strain mentally and physically."

While the evidence does not disclose the origin or the circumstances of the breakdown of the marriage, it is manifest that practically all contact, companionship and marital life have ceased and deteriorated to the point that they live as strangers in the same apartment. Undoubtedly a wife should encourage the husband and perhaps her feminine allure might be even preferable to meals on time, to be remembered on birthdays and to enjoy good will. But even in this age of woman's emancipation, nature still requires that the male be the aggressor. No doubt, in the absence of sex life, the lady has turned to food. In her chagrin she probably finds satisfaction in munching sandwiches and cracking pistachio nuts in bed. Perhaps she does this to awaken and remind him of his marital obligations, but he apparently prefers sleep to performing those obligations.

It has been wisely said that public policy militates against granting a separation decree for refusal to partake of sexual intercourse (dissenting opinion of Judge CRANE in *Mirizio* v. *Mirizio*, 242 N. Y. 74, 87). But in such instances we deal with an occasional violation of the marital obligation which should not too readily give cause to destroying the marital status (*Risk* v. *Risk*, 202 App. Div. 299).

But the facts in this case show that the husband did more than occasionally refuse sexual intercourse for there was a complete cessation not only of intercourse but of all cohabitation. It is interesting to note that in *Risk* v. *Risk* (*supra,* p. 304) so greatly relied upon by the defendant, the court used the following language: " Whether the refusal of marital intercourse, without sufficient reason, *without the withdrawal of general cohabitation,* constitutes abandonment which would support a cause of action for a divorce *a vinculo* or *a mensa et thoro,* has been differently determined in several of the States, and never has been decided authoritatively in this State." (Italics mine.)

It would thus seem that in the latter case the court had in mind a temporary refusal of sexual intercourse rather than a total withdrawal of general cohabitation, when declining to disrupt the marital relation. The term " cohabitation " generally includes sexual intercourse between a man and his wife (*Bracksmayer* v. *Bracksmayer,* 22 N. Y. S. 2d 110). Indeed, the husband's withdrawal from cohabitation violates the very foundation of the relationship when no excuse is given for such withdrawal. As said by Judge HISCOCK in *Mirizio* v. *Mirizio* (*supra,* p. 80): " But the refusal of husband or wife without any adequate excuse to have ordinary marriage relations with the other party to the contract strikes at the basic obligations

springing from the marriage contract when viewed from the standpoint of the State and of society at large. However much this relationship may be debased at times it nevertheless is the foundation upon which must rest the perpetuation of society and civilization.''

Here it should be noted that the fact that the parties continued to live in the same apartment is no bar to a separation decree (*Lowenfish* v. *Lowenfish,* 278 App. Div. 716).

The conclusion is thus inescapable that for his unexplained, willful and prolonged withdrawal from cohabitation, despite plaintiff's request for its resumption, a separation decree based upon the theory of abandonment is warranted.

The question remains whether the facts here also justify a decree based upon cruelty. In *Risk* v. *Risk* (*supra* p. 304) the court stated: '' The courts which have granted decrees have treated the refusal as a desertion. However, they held that such refusal was not cruel or inhuman treatment.''

But here again we must distinguish between the casual and the continued breach of the marital obligation. The plaintiff's testimony is uncontradicted that as a result of the defendant's prolonged abstinence she suffered degradation and strain. Her suffering is no less potent than is a physical assault which, when visited upon a wife, is generally regarded to be legally sufficient to justify a separation for cruel and inhuman treatment.

Were the period of degradation and rebuff to the wife in this case to extend over many years, the husband's cruelty would perhaps be more apparent. But to determine cruelty, the number of rebuffs and the degree of humiliation need not be precisely counted or measured if it be clear that the breach of the marital obligation is continuous and that it is not casual or temporary.

Just as an excessive and unreasonable exercise of marital rights of coition over the violent protest of the wife, which impairs the mental and physical health of the wife, constitutes cruel and inhuman treatment (*Harnish* v. *Harnish,* 270 App. Div. 799), the complete failure to cohabit despite advances made and request therefor is equally cruel and inhuman where, as here, the plaintiff's health is affected thereby.

Accordingly, the motion to dismiss the complaint is denied. The plaintiff is entitled to a judgment of separation and the custody of the child of the marriage with reasonable rights of visitation to the defendant. She is awarded alimony in the sum of $45 weekly and an additional counsel fee of $100, payable within ten days after service of a copy of the judgment entered herein. Submit findings and judgment.