DOLORES JACOBSEN, Plaintiff, *v.* ROBERT W. JACOBSEN, Defendant.

Supreme Court, Special Term, Kings County, April 29, 1954.

*James E. Bennet* for defendant.

*Kurlander & Kurlander* for plaintiff.

BRENNER, J. This is an application pursuant to section 549 of the Civil Practice Act to set aside a decision made herein on April 12, 1954, in which the plaintiff was found entitled to a decree of separation (205 Misc. 584). The principal question involved is whether an excusable failure to present evidence upon trial is the sort of " error " which would warrant the relief provided by the aforesaid section.

The theory of the plaintiff's cause upon trial was the defendant's failure to indulge in marital intercourse over a substantial period of time, despite plaintiff's request therefor. It was the defendant's contention that, even if true, this did not warrant a decree of separation. The defendant exhibited authority in support of that contention, which the court indicated might be controlling and the court stated that if the defendant should rest, a pure question of law remained to be resolved. He thereupon rested. Since the decision herein was the reverse of such indication, the defendant now contends that he was misled. He moreover claims that his failure to produce evidence in his defense is excusable and should be corrected. A further reason now given for withholding evidence was his alleged desire to avoid antagonizing his wife in the lingering hope of reconciliation.

Having chosen to withhold evidence in reliance upon what he thought was the controlling law in the case, the defendant cannot complain of mistake or inadvertence. An unsuccessful litigant must accept the decision of the court as final and conclusive, except for the right of appeal, where no errors are claimed to have been committed.

Yet, if the defendant was misled or even inadvertently persuaded to withhold presentation of his defense because of a misunderstanding of the court's motives, a decision based upon such state of facts would involve a miscarriage of justice. To bar the evidence now sought to be produced would in these circumstances be an improvident exercise of judicial discretion (*Bianchi* v. *Markese,* 276 App. Div. 1048) where such " discretion " is by statute required to be exercised. Section 549 of the Civil Practice Act contemplates the correction of errors, and, in view of express authority for the use of discretion for that purpose, it may reasonably be assumed that the error to be

corrected need not necessarily be a strictly legalistic one. Indeed, apart from statutory sanction, where a party actually misapprehended the court's action during trial, which prevented his presentation of vital proof, there is involved the sort of excusable error which calls for the exercise of inherent power to correct, just as surely as does an error of law. (*Ladd* v. *Stevenson,* 112 N. Y. 325.)

The plaintiff urges that the procedure followed in connection with this application is faulty since defendant failed to serve moving papers. However, the application having been timely made in open court and in the presence of both parties, defendant is entitled to the remedy provided by said act, particularly since it is made during the same term and no final order or judgment has as yet been entered (*Goodrich* v. *Ross-Ketchum Co.,* 80 N. Y. S. 2d 846). A failure to apply on motion papers is not fatal where, as here, application to set aside a decision in a nonjury case is made following trial within the prescribed time in open court upon the judge's minutes.

Since reference has been made to the court's unsuccessful but well-meant attempt at reconciliation between the parties, a new trial is the preferable solution here. The decision rendered April 12, 1954, in this case is set aside and a new trial granted to take place May 12, 1954. Settle order on notice.