LOUISE MANTE, Appellant, *v.* WALTER P. MANTE, Respondent.

Second Department, April 27, 1970.

*Wekstein & Friedman (Morton N. Wekstein* of counsel), for appellant.

*Walter P. Mante,* respondent in person.

HOPKINS, J. The plaintiff and the defendant were married on February 12, 1961; one child, a son, was born on February 12, 1963. This action for a divorce was commenced on April 26, 1968.

The complaint alleged a cause of action resting on cruel and inhuman conduct, reciting that (1) after the parties had been physically apart the defendant made false accusations of adultery against the plaintiff in front of their son, then five years old, and subsequently in the Family Court during proceedings pending between the parties, and (2) the defendant from the beginning of the marriage was cold and indifferent to the plaintiff, denied her sexual attention, was rigid and harsh to her, and neglected and humiliated her.

The defendant's answer denied generally the claims of cruelty and interposed defenses of abandonment of the defendant by the plaintiff, cruel treatment of the defendant by the plaintiff, and

adultery by the plaintiff. The last defense was expressly withdrawn at the trial.

The Trial Term dismissed the complaint, finding that the defendant's accusations of infidelity were made in his belief that they were true, and on reasonable grounds for that belief, and that the plaintiff failed to establish acts of the defendant in the course of his conduct toward her which constituted either cruelty or rendered it unsafe or improper for cohabitation. In addition, the Trial Term determined that the plaintiff had abandoned the defendant on August 16, 1966 without justification; this, it was said, deprived the plaintiff of grounds for divorce, on the doctrine of unclean hands.

We hold that the judgment should be affirmed. We address ourselves first to the plaintiff's allegations and proof and then to the defendant's claim of unclean hands.

The plaintiff's allegations of cruelty fall into two distinct groups — first, the false allegations of adultery, and second, the general course of conduct by the defendant evincing lack of affection and sexual aloofness during the marriage. The question at the outset is whether under present law these allegations state causes of action for a divorce on the ground of cruelty.

Clearly, under the law in effect prior to the revision of the matrimonial laws effective September 1, 1967 (L. 1966, ch. 254), the plaintiff would have stated grounds for a separation. Prior to that date section 200 of the Domestic Relations Law laid down as causes for an action for a separation, among others, (1) cruel and inhuman treatment and (2) conduct by the erring spouse rendering it unsafe and improper for cohabitation (section 200 was derived from section 1161 of the Civil Practice Act which, in turn, was derived from section 1762 of the Code of Civil Procedure). Though the statute provided the two as separate grounds for a separation, case law tended to merge them. Thus, it was held in an early case that cruelty entitling one to a separation was " that kind of conduct which endangers the life or health of the complainant, and renders cohabitation unsafe " (*Perry* v. *Perry,* 2 Paige Ch. 501, 502 [1831]), an expression continued in later and even recent cases (*Solomon* v. *Solomon,* 290 N. Y. 337; *Pearson* v. *Pearson,* 230 N. Y. 141; *Traylor* v. *Traylor,* 3 A D 2d 727; *Avdoyan* v. *Avdoyan,* 265 App. Div. 763; *Tower* v. *Tower,* 134 App. Div. 670).

False accusations of infidelity made in bad faith constituted cruelty under this standard (*Zielinski* v. *Zielinski,* 6 N Y 2d 735; *Kennedy* v. *Kennedy,* 73 N. Y. 369; *Israel* v. *Israel,* 54 App. Div. 408; *Armour* v. *Armour,* 88 N. Y. S. 2d 111, mod. 275 App. Div. 941). A charge of bad faith might be overcome by proof of rea-

sonable grounds for belief in the accusation (1 Foster and Freed, Law and the Family, § 14:9, pp. 510–511). Though an assertion of adultery directed toward a spouse is unconnected to actual physical violence, the courts have considered it such an indignity, so destructive of the marital relation, that it renders further cohabitation improper.[1]

Similarly, under the law existing as to separation, a prolonged and willful refusal to enter into sexual relations was sufficient proof of cruelty (*Diemer* v. *Diemer,* 8 N Y 2d 206; *Jacobsen* v. *Jacobsen,* 205 Misc. 584). Not so plain, however, was it that claims of a calculated course of conduct of a callous indifference or a lack of affection represented cruelty. Often it instead was said that mere incompatibility was not enough (*Averett* v. *Averett,* 189 App. Div. 250, affd. 232 N. Y. 519; *Gabriel* v. *Gabriel,* 274 App. Div. 141; *Umbach* v. *Umbach,* 183 App. Div. 495). But, on the other hand, it was also said that no definition of cruel and inhuman treatment was possible, because the circumstances varied so considerably from case to case (*Tower* v. *Tower,* 134 App. Div. 670, *supra*).

We have discussed the law relating to cruelty as a ground for separation prior to the revision of the statutes effective in 1967, because it furnishes the environment in which the Legislature acted. It is highly significant, we think, that both the ground for a divorce based on cruelty and the ground for a separation based on cruelty are now the same (see Domestic Relations Law, § 170, subd. [1]; § 200, subd. 1), i.e.: '' The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.''

Two observations are immediately apparent — first, that the revision makes explicit that requirement prescribing that the cruel treatment so affect the well being of the plaintiff that further cohabitation is rendered either unsafe or improper which case law had already imposed under a construction of the former statute governing the grounds for a separation,[2] and

1. The early cases referred to the term " unsafe " for cohabitation contained in the statute (Domestic Relations Law, § 200, as constituted prior to September 1, 1967) as meaning the effect of the conduct on the physical health alone, as distinguished from mental suffering, but the term was gradually enlarged to include health generally (cf. *Avdoyan* v. *Avdoyan,* 265 App. Div. 763, *supra; Harnish* v. *Harnish,* 270 App. Div. 799).

2. It is noteworthy that the revision of the statute pertaining to separation (Domestic Relations Law, § 200, subd. 1) joins and rewords the two grounds in the former statute relating to cruelty (Domestic Relations Law, former § 200, subds. 1, 2).

second, that the revision clearly recognizes mental suffering as a constituent of cruelty as a ground for divorce. Both observations are consistent with the view that the reform of the matrimonial laws was built on the teaching of the precedents construing the statutes which had previously been in effect.

Hence, we conclude that the allegations of the plaintiff's complaint stated grounds for a divorce as it would have stated grounds for a separation. Nevertheless, we agree with the Trial Term that the proof presented did not establish the grounds alleged.

The plaintiff proved that the defendant had stated before witnesses on two occasions — once before the Family Court — that she had been guilty of adultery; indeed, the defendant admitted that he had made the accusations. But he also testified that he honestly believed the truth of his statements. He produced evidence that the plaintiff had been meeting her employer and keeping company with him at her apartment at late hours, and notes in the handwriting of the employer indicating that he was having an affair with a woman employee referred to as " L " were admitted at the trial. These notes, brought to the attention of the defendant, were properly received in evidence, not as proof of the plaintiff's conduct, but to show that the defendant had made his accusations with justification. The defendant proved that the employer's wife had told him of her husband's actions with the plaintiff, all of which the Trial Term found provided a reasonable foundation for the defendant's belief in the plaintiff's infidelity. Though both the plaintiff and the employer denied any impropriety, the credibility of the testimony at the trial was primarily a function of the Trial Term, with whose judgment we are not disposed to interfere (*Passantino* v. *Passantino*, 255 App. Div. 713; *Murray* v. *Murray*, 61 Hun 627, opn. in 63 N. Y. S. 363). Suffice it to say that the finding that the defendant was reasonably justified in his belief was amply supported by the evidence.

The Trial Term also found that the plaintiff failed in her proof on the issue of cruelty to establish the defendant's general indifference toward her and his refusal to enter into sexual relations with her. The defendant, on the other hand, placed the blame on the plaintiff for the absence of affection and sexual companionship. The conflict in the testimony was irreconcilable and we cannot at our vantage point, distant from the trial itself, determine the conflict with greater competence than the Trial Term. Though the parties at this point in their married life appear to be wholly incompatible, the burden of proof of cruelty

as a ground for a divorce remained on the plaintiff and this the Trial Term found was not established by her.

The judgment dismissing the complaint should therefore be affirmed and we might end our discussion here save for the further finding of the Trial Term that the plaintiff's abandonment of the defendant in any event defeated her action for a divorce. We do not concern ourselves with the weight of the evidence which the Trial Term decided demonstrated the abandonment. That was a matter for the Trial Term to consider on the evidence and we think that the proof was sufficient for the Trial Term to arrive at that conclusion. We are concerned, rather, with the question whether the abandonment was a valid defense to the action. We review the question again with the background of the new statute in mind.

Under the statute in effect prior to September 1, 1967 an action for a separation could be opposed by the misconduct of the plaintiff (Domestic Relations Law, § 202). That statute remained in effect after the revision of the matrimonial laws. Under the statute in effect prior to September 1, 1967, an action for a divorce could be resisted by proof of adultery on the part of the complainant; misconduct in general was not a defense to the action (Domestic Relations Law, § 171). That statute remains unchanged by the revision.[3] The present statute providing for cruel and inhuman treatment as a ground for a divorce therefore does not include a defense of recrimination based on misconduct. The Trial Term did not refer to the defense of recrimination, but supported its decision that the plaintiff's abandonment of the defendant forfeited her right to a divorce on the doctrine of unclean hands.

The defense of recrimination had its origin in the doctrine of unclean hands and was first adopted in the Ecclesiastical Courts of England (*Forster* v. *Forster,* 1 Hag. Con. 144 [161 Eng. Rep. 504]; *Beebe* v. *Beebe,* 1 Hag. Ecc. 789 [162 Eng. Rep. 755]; 34 Fordham L. Rev. 121, comment). In recent years recrimination has been subjected to increasing attack (cf. *De Burgh* v. *De Burgh,* 39 Cal. 2d 858; 26 Col. L. Rev. 83, note), for it seemingly implies that the two correlative faults have the capacity of canceling one another (1 Foster and Freed, Law and the Family, § 7:9, p. 297). In New York the statutory defense in separation actions was early held to be declaratory of the case law, agreeable to the opinion that the parties in that posture were "suitable and proper companions for each other" (*Wood* v.

---

3. Though the title to the revising statute (L. 1966, ch. 254) states that section 171 of the Domestic Relations Law is repealed, the text of the statute does not in fact repeal it.

*Wood,* 2 Paige Ch. 108, 111, per Chancellor WALWORTH). The defense was available even though the misconduct by the plaintiff occurred subsequent to the cruelty of the defendant (*Vernes* v. *Vernes,* 232 App. Div. 707; *Axelrod* v. *Axelrod,* 2 Misc 2d 79; but see, in part contra, *Bedell* v. *Bedell,* 1 Johns. Ch. 604).

In actions for divorce, however, the history has been that the misconduct of the plaintiff must have been adultery to constitute a bar (*Weiger* v. *Weiger,* 270 App. Div. 770; *Kapitola* v. *Kapitola,* 189 App. Div. 459; *Mays* v. *Mays,* 22 N. Y. S. 2d 702, affd. 261 App. Div. 984).

In the light of this background, we think that adultery remains the only misconduct which is a recriminatory defense to an action for divorce; and then only if the plaintiff is proceeding in the action on the theory of the defendant's adultery. No longer is fault an essential component for a divorce, since the action can be maintained on the ground of a separation for two years under a separation decree or a separation agreement (Domestic Relations Law, § 170, subds. [5], [6]). As Chief Judge FULD said in *Gleason* v. *Gleason* (26 N Y 2d 28, 35): "Moreover, the deliberate failure of the legislators to provide defenses to the new grounds further evinces and confirms their intention of abandoning the traditional fault approach to divorce and permitting the termination of marriages even where both parties are at fault — except in cases of adultery (Domestic Relations Law, § 171)."[4] (Cf. *Vanderhuff* v. *Vanderhuff,* 144 F. 2d 509, and *Dausuel* v. *Dausuel,* 195 F. 2d 774, where the Circuit Court of Appeals for the District of Columbia gave a similar construction to a statute adding new grounds to the original exclusive ground of adultery for the maintenance of an action for a divorce.)

In making this conclusion, we also mean to distinguish the notion of provocation from the defense of recrimination. It is still relevant that the plaintiff in suing for a divorce on the ground of cruelty may have been guilty of provoking the defendant's behavior (cf. *Barber* v. *Barber,* 168 App. Div. 212; *Robinson* v. *Robinson,* 146 App. Div. 533; *Spade* v. *Spade,* 6 Misc 2d 170; *De Burgh* v. *De Burgh,* 39 Cal. 2d 858, *supra*). If provocation by the plaintiff has incited the defendant's acts, the acts, though wrong, may be excused, and the action for a divorce dismissed. That, however, was not the finding of the Trial Term; and, under the circumstances of the case, we do not see how

---

4. The doctrine of unclean hands, though of universal application, cannot be employed where public policy, announced by the Legislature, would command an opposite result (2 Pomeroy, Equity Jurisprudence [5th ed.], § 402e, pp. 132-133).

provocation is properly a factor in the differences between the parties.

On the whole case, accordingly, the judgment should be affirmed, without costs. Though the plaintiff's abandonment of the defendant is not a defense to her action,[5] she failed in her proof to establish her action for a divorce on the ground of cruel and inhuman treatment by the defendant.

BRENNAN, Acting P. J., RABIN, BENJAMIN and MARTUSCELLO, JJ., concur. -

Judgment of the Supreme Court, Westchester County, dated November 19, 1968, affirmed, without costs.

5. No counterclaim for divorce or separation was asserted by the defendant in the action.