508 P.2d 780

**Mary B. KUNZMANN, Appellant,**

v.

**Charles M. KUNZMANN, Appellee.**

**No. 2 CA–CIV 1345.**

Court of Appeals of Arizona, Division 2.

April 20, 1973.

Messing, Hirsh & Franklin, P. C. by William Messing and George J. Feulner, Jr., Tucson, for appellant.

Charles M. Kunzmann, in pro. per.

HATHAWAY, Chief Judge.

The parties were married in 1952, and have three teenaged sons. In February of 1973, Mary B. Kunzmann brought suit against her husband seeking (1) separation from bed and board, and (2) absolute divorce. At trial, on her motion, the count requesting an absolute divorce was dropped over the defendant's objection. Absolute divorce remained in issue, however, on the defendant's counterclaim.

After a highly contested trial to the court, sitting without a jury, the defendant

was granted an absolute divorce. This appeal questions the sufficiency of the evidence to support the divorce decree. Both parties were represented by counsel in the trial court. Appellee, however, defends his position on appeal *in propria persona*.

The appellee-defendant's counterclaim alleged excesses and cruel treatment as grounds for divorce. Viewing the evidence in the light most favorable to sustaining the judgment of the trial court, we find the following.

The appellee testified that the parties permanently separated in August of 1971 and that he and his wife sought counselling, but that her attitude toward the counselling was that "it was for the birds." He further testified that the appellant had not treated him like a husband, that she had belittled him in public, and in essence that they had not had sexual relations for five years. That appellant had slept in a separate room for "a couple of years" was confirmed by the older son of the parties, who understood that the arrangement came about because of his father's snoring and his mother's arthritis.

In Jizmejian v. Jizmejian, 16 Ariz.App. 270, 492 P.2d 1208 (1972), we held that unjustified withdrawal from sexual intercourse by the husband over a period of ten years constituted cruel and inhuman treatment and warranted the granting of a divorce to the wife. We cited Jacobsen v. Jacobsen, 205 Misc. 584, 130 N.Y.S.2d 762 (1954) in which the court found that withdrawal from sexual intercourse over a period of a year and a half constituted cruel and inhuman treatment. Specifically, the *Jacobsen* court noted that "the . . . withdrawal from cohabitation violates the very foundation of the relationship when no excuse is given for such withdrawal." Jacobsen v. Jacobsen, 130 N.Y.S.2d at 766. Under our statutes, conduct which utterly destroys the legitimate ends and objects of matrimony constitutes extreme cruelty. Smith v. Smith, 61 Ariz. 373, 149 P.2d 683 (1944).

The corroborated testimony of the withdrawal of the wife coupled with appellee's corroborated testimony relating to the public verbal abuse inflicted upon him by his wife, suffices to support the granting of the divorce. Davis v. Davis, 18 Ariz.App. 13, 499 P.2d 744 (1972); Spector v. Spector, 17 Ariz.App. 221, 496 P.2d 864 (1972). The trial court was in a position to observe the demeanor of the parties in the courtroom and in particular the physical condition of the appellant. Her physical condition would appear to play a major role in determining whether or not her alleged refusal to engage in sexual intercourse with appellee was excusable. With deference to the trial court's superior position for viewing the evidence, we affirm.

KRUCKER and HOWARD, JJ., concur.