■ Lorraine Pearlman et al., Respondents, v Aileen Scott, Appellant. —Order of the Supreme Court, Nassau County, dated July 24, 1978, affirmed, with $50 costs and disbursements (see *Baden v Staples,* 45 NY2d 889). Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.

■ Marcia Reggev, Appellant, v Avner Reggev, Respondent.—In a matrimonial action, the plaintiff mother appeals from an order of the Supreme Court, Queens County, dated October 4, 1978, which, *inter alia,* found her to be in contempt of an order of Special Term directing her to produce the parties' child in court on September 25, 1978. Appeal dismissed as academic, without costs or disbursements. The difficulty of settling disputes between parents over the custody of their children is exceeded only by the importance of the question of custody itself. In the present case, the issue of whether the petitioner was in contempt of a court order directing her to return the parties' child to New York is rendered academic in light of the fact that the child was ultimately returned to New York and a hearing on the issue of custody was held. Under the circumstances, we do not believe that resolution of the custody issue will be furthered by a review of the order finding the plaintiff to be in contempt. Furthermore, the order of contempt imposed no punishment upon her. Insofar as a temporary transfer of custody was directed, pending the hearing, this court stayed that provision and the hearing, as stated earlier, has been held. The appeal from the order of contempt should, therefore, be dismissed as academic. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.

■ Jo-Ann E. Scott, Appellant, v Thomas Scott, Respondent.—Judgment of the Supreme Court, Orange County, dated February 28, 1978, affirmed, without costs or disbursements (see, e.g., *Mante v Mante,* 34 AD2d 134, 139; *Anderson v Anderson,* 58 AD2d 679, 680). Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.